**Ex parte Robert Glen HAMILL.**

No. 2–86–018–CV.

Court of Appeals of Texas,
Fort Worth.

Oct. 2, 1986.

Robert Glen Hamill, pro se.

Tim Curry, Crim. Dist. Atty., Fort Worth, for appellee.

Before FENDER, C.J., and HILL and HOPKINS, JJ.

## OPINION

HILL, Justice.

Robert Glen Hamill asserts by way of his petition for writ of habeas corpus that he is illegally restrained by order of the 231st District Court as a result of a motion for contempt for failure to pay child support. He was found in contempt and sentenced to 180 days in the Tarrant County Jail, but subsequently released on probation.

Hamill presents three reasons why he asserts that his restraint as a result of his contempt conviction and subsequent probation is illegal. He first urges that he was denied the right to counsel at his contempt hearing although he was indigent.

We grant the writ and order that Hamill be released from probation because we find that he was denied his right to counsel guaranteed to him by the sixth and fourteenth amendments to the United States Constitution.

 The United States Constitution's fourteenth amendment guarantee of due process incorporates the sixth amendment assurance that the accused in a criminal prosecution has the right to counsel. *Ridgway v. Baker*, 720 F.2d 1409, 1413 (5th Cir.1983). This imposes a duty on the state to provide counsel to a person accused who, because of indigency, cannot afford a lawyer. *Id.* This right turns on whether dep-

rivation of liberty may result from a proceeding, not upon its characterization as "criminal" or "civil." *Id.* Therefore, the defendant in a child support contempt proceeding is entitled to the appointment of counsel. *Id.* at 1415; *Henkel v. Bradshaw,* 483 F.2d 1386 (9th Cir.1973). The United States Supreme Court has held that such right is dependent on the contempt defendant actually being sentenced to a term of imprisonment. *Scott v. Illinois,* 440 U.S. 367, 373–74, 99 S.Ct. 1158, 1162, 59 L.Ed.2d 383, 389 (1979).

The hearing on the motion for contempt was originally held before a family court master of Tarrant County. No record was made of the proceeding before the court master, the hearing having been held prior to the effective date of TEX.FAM.CODE ANN. sec. 14.32(b) (Vernon 1986), which prohibits the entry of a contempt order unless a court reporter makes a record of the proceedings. After Hamill filed his application for writ of habeas corpus, we directed the judge of the 231st District Court to hold a hearing and to certify to this court a record designed to determine, among other things, whether Hamill was required to proceed in a hearing upon a motion for contempt without counsel at a time when he was an indigent person. A hearing was held, and we have the statement of facts of that hearing.

The court master testified at the hearing that on May 10, 1985 when she held the contempt hearing that Hamill was unemployed and that he was relying on his family to provide him with food and shelter. He had further advised her that he could not afford to hire the attorneys he had spoken to on the telephone. It appears from her testimony that she advised Hamill of his right to have an attorney present at the contempt hearing, but that she did not advise him that an attorney would be appointed to represent him in the contempt matter in the event that he could not afford one. No hearing was held to determine if Hamill were indigent so as to establish whether or not counsel should be appointed to assist him in the contempt hearing. The court master made a docket notation that Hamill had waived his right to counsel. This notation apparently was made because Hamill did not request the appointment of counsel due to indigency, and because he had indicated a willingness to proceed in the absence of counsel. Following the hearing, Hamill was found guilty of contempt and sentenced to 180 days in the Tarrant County Jail. He was released from jail and placed on probation on July 16, 1985.

██ Once the question was raised as to Hamill's ability to employ an attorney to represent him on this contempt matter, it was incumbent upon the court master to advise Hamill of his right to the appointment of counsel if he were indigent and, if he then requested the appointment of counsel, to appoint one for him upon a determination by the master that he was in fact indigent and, therefore, not able to afford counsel. *See Ex parte Lopez,* 710 S.W.2d 948 (Tex.App.—San Antonio, 1986). The result of the master's failure to do so is that Hamill was denied an opportunity to satisfy the court that he was indigent and he was denied his right to the appointment of an attorney to assist him in the contempt hearing in the event he was unable to afford an attorney. This denial of Hamill's rights under the sixth and fourteenth amendments to the United States Constitution renders his contempt conviction void, in view of the fact that he was imprisoned as a punishment for the contempt. *Id.* We sustain this point raised by Hamill in his application for writ of habeas corpus.

Because of our disposition of this point, we need not consider the other reasons why Hamill urges that we should grant the writ.

We grant Hamill's writ of habeas corpus and order that he be released from the constraints of probation based upon our finding that his conviction for contempt and the probation arising out of that conviction are void for the reason which we have stated.