**Ex parte Joseph Taylor SUSTRIK.**

No. 2–86–211–CV.

Court of Appeals of Texas, Fort Worth.

Dec. 4, 1986.

Joseph Taylor Sustrik, pro se.

Garrett, Burkett & Akers, Michael R. Burkett, Fort Worth, for appellee.

Before FENDER, C.J., and BURDOCK and HILL, JJ.

## OPINION

FENDER, Chief Justice.

Joseph Taylor Sustrik, relator, filed this petition for writ of habeas corpus after being held in contempt in the 360th District Court of Tarrant County for failure to pay child support and violation of the court's injunctive order dated July 22, 1986. The court sentenced relator to six months in the Tarrant County Jail. He is presently free on a cash bond.

Relator presents two arguments in support of his petition. He claims: 1) that the contempt order and all other orders entered by the 360th District Court are void because the 325th District Court is the court of continuing, exclusive jurisdiction, *see Alexander v. Russell,* 699 S.W.2d 209 (Tex. 1985); and 2) that the 360th District Court's contempt order is void because he was indigent at the time of the contempt hearing and the court failed to advise him of his right to have a court-appointed attorney represent him, *see Ex parte Lopez,* 710 S.W.2d 948, 954 (Tex.App.—San Antonio 1986, no writ); *Ex parte Hamill,* 718 S.W.2d 78 (Tex.App.—Fort Worth, 1986).

The relief sought in this writ is denied.

The petition for divorce sought by relator's former spouse was originally filed in the 325th District Court of Tarrant County. Thereafter, the 325th District Court transferred this petition for divorce, on its own motion, to the newly created 360th District Court of Tarrant County. Relator claims the order to transfer was not properly made according to section 11.06 of the Texas Family Code and, therefore, the 325th District Court is still the court with continuing, exclusive jurisdiction in this case. *See* TEX.FAM.CODE ANN. sec. 11.06 (Vernon 1986).

Texas Family Code section 11.05 explains how a court acquires continuing, exclusive jurisdiction of a case as follows:

(e) *A court does not acquire continuing, exclusive jurisdiction* over the matters provided for under this subtitle in connection with the child *before the entry of a final decree.* A voluntary or involuntary dismissal of a suit affecting the parent-child relationship or the entry of a decree by another court having dominant jurisdiction of the suit terminates all jurisdiction of the court. Unless a final decree has been entered by a court of continuing, exclusive jurisdiction, a subsequent suit shall be commenced as an original proceeding.

TEX.FAM.CODE ANN. sec. 11.05(e) (Vernon 1986) (emphasis added).

█ In the present case, there is no indication from the record that the 325th District Court ever entered a final decree in this case. The final decree of divorce was issued by the 360th District Court after the transfer took place. The transfer was authorized under the Judicial Districts Act of 1969. *See* TEX.REV.CIV.STAT.ANN. art. 199a, sec. 2.002(a) (Vernon Supp.1986), *recodified at* TEX.GOV'T CODE ANN. sec. 24.303(a) (Vernon Pamph.1986). We find that the 360th District Court is the court of continuing, exclusive jurisdiction and its orders must stand against an attack on these grounds.

Relator next contends that the contempt order is void because he was indigent at the time of the contempt hearing, was not represented by counsel, was not advised of his right to counsel, and had not knowingly

and intelligently waived his right of counsel. *See Lopez*, 710 S.W.2d at 954. The court could not, then, impose imprisonment as punishment for disobeying a child support order without violating his constitutional right to counsel. *See id.*

The law governing an indigent's right to court appointed counsel in a contempt hearing for failure to pay child support is summarized in *Ex parte Hamill*, 718 S.W.2d 78 (Tex.App.—Fort Worth, 1986). That opinion states:

> The United States Constitution's fourteenth amendment guarantee of due process incorporates the sixth amendment assurance that the accused in a criminal prosecution has the right to counsel. *Ridgway v. Baker*, 720 F.2d 1409, 1413 (5th Cir.1983). This imposes a duty on the state to provide counsel to a person accused who, because of indigency, cannot afford a lawyer. *Id.* This right turns on whether deprivation of liberty may result from a proceeding, not upon its characterization as "criminal" or "civil." *Id.* Therefore, the defendant in a child support contempt proceeding is entitled to the appointment of counsel. *Id.* at 1415; *Henkel v. Bradshaw*, 483 F.2d 1386 (9th Cir.1973). The United States Supreme Court has held that such right is dependent on the contempt defendant actually being sentenced to a term of imprisonment. *Scott v. Illinois*, 440 U.S. 367, 373–74, 99 S.Ct. 1158, 1162, 59 L.Ed.2d 383, 389 (1979).

*Ex parte Hamill*, 718 S.W.2d at 78. It is now clear that, if relator was indigent at the time of the contempt hearing, the contempt order sentencing him to imprisonment for six months is void. *See id.; Lopez*, 710 S.W.2d at 954.

■ The record from the contempt hearing clearly indicates that the relator was not indigent at the time the hearing took place. Relator stated he was employed at that time. In addition, relator had been ordered to vacate the home in which he resided so that it could be sold according to the divorce decree. Relator was to receive one-half the proceeds from the sale of the

home and his refusal to vacate was the only factor hindering the sale as the prospective buyers were ready, willing and able to purchase the home as soon as relator vacated it. We find that relator was not indigent at the time of the contempt hearing and, therefore, was not entitled to a court-appointed attorney.

The relief relator seeks under this writ is denied and relator is remanded to the custody of the Tarrant County Sheriff.