**Ex parte Charles Monroe BERRYHILL, Relator.**

**No. 09 87 194 CV.**

Court of Appeals of Texas, Beaumont.

Nov. 5, 1987.

---

Harold J. Laine, Jr., Beaumont, for appellant.

C. Haden Cribbs, Jr., Cribbs, Lewis & Bradford, Keith Griffin, Beaumont, for appellee.

## OPINION

BROOKSHIRE, Justice.

Relator, Berryhill, filed his petition for a writ of habeas corpus alleging that he was, and is, within the jurisdiction of this appellate court and that our court has jurisdiction over the subject matter.

The Relator also averred that he was illegally restrained, confined and deprived of his liberty. In the alternative, he pleaded that there existed a signed order and an outstanding capias for his arrest and confinement that had been previously issued by the 279th District Court and that the said order and capias were both active and in effect, which threatened his liberty. Actually, from the record, it appears he has never been placed in jail.

Relator further pleads that his confinement, or a threat of confinement and restraint, comes about by virtue of a commitment issued by the 279th District Court of Jefferson County, signed on the 30th day of June, 1987. Relator says, in an order of the same date, he was adjudged to be in violation of certain probationary conditions within the probationary term which were assessed against the Relator on March 25, 1985, in a cause entitled *In the Matter of Rhonda N. [sic] Berryhill and Charles Monroe Berryhill.*

Relator concedes and acknowledges that this commitment arose out of a violation, on his part, in failing to pay required child support of $50 per week for arrearage as ordered by the "Decree of Contempt" and "probation order" issued and dated March 25, 1985, having been signed by Judge James A. Farris.

The Relator argues that his confinement, or imminent confinement and restraint, is illegal because the order of the Court dated March 25, 1985, is void inasmuch as the Relator was not represented by counsel at that time. But the March 25, 1985, order does not deprive Relator of his liberty or even attempt to do so; it placed Relator on probation. He further avers that, although he was indigent, no counsel was appointed to represent his interest. He has no then-recorded record to show this contention. He states that this appointment of counsel was required by both the State and Federal Constitutions, pleading same very generally.

He further has a general pleading that his confinement, or imminent confinement,

denies him due process of the law because he was deprived of representation by counsel while being indigent in March, 1985. Relator attached to his petition the following affidavit concerning the hearing before Judge James Farris:

"THE STATE OF TEXAS

"COUNTY OF JEFFERSON

AFFIDAVIT

"BEFORE ME on this day personally appeared CHARLES MONROE BERRYHILL, who after being by me duly sworn did on his oath depose and say as follows:

"My name is CHARLES MONROE BERRYHILL. I am over the age of twenty-one (21) and I am legally competent to make this statement and affidavit and I am under no legal or physical disabilities.

"On the 25th day of March, 1987, I went to court in the 317th District Court of Jefferson County, Texas, to answer a contempt motion that was pending against me in Cause No. 119,902, entitled *Rhonda Ann Berryhill and Charles Monroe Berryhill.*

"I explained to the attorney appointed for my wife that I was not able to pay because I had undergone heart surgery recently and was out of work and unable to pay and that I was unable to hire a lawyer to represent me. I also told the Court of this and requested that a lawyer be provided to me by the Court.

"The Court refused to provide a lawyer for me and stated that I was on probation and that I had to pay an additional $50.00 each week on top of the $140.00 each week that I was supposed to pay.

"I had wanted a lawyer to represent me because I feel I had a good reason for my inability to pay the child support as ordered. I could not afford a lawyer or the payments and I told the Court of this. The meeting in front of the Judge ended and I left the courthouse.

"The statements contained herein are true and correct to the best of my knowledge and I am making them of my own free will, being under no duress."

"[Signed] Charles M. Berryhill

"CHARLES MONROE BERRYHILL

"SWORN TO, SUBSCRIBED TO AND ACKNOWLEDGED, before me on this 3rd day of September, 1987.

"MY COMMISSION EXPIRES:

"June 23, 1991

"[Signed] Maryanne Morse

"MARYANNE MORSE

"NOTARY PUBLIC IN AND FOR THE STATE OF TEXAS"

Finally, the Relator states that the Order and Attachment and Commitment in Contempt, issued out of the 279th District Court, by Judge Robert Walker, on June 30, 1987, are void. These June 30, 1987, orders, commitment and attachment are the operative acts of Judge Walker's 279th District Court.

We have no Statement of Facts. We have no meaningful Transcript, as such. We have no formal Transcript. Relator filed no brief. Neither Relator nor his attorney appeared at oral submission.

The first Decree of Contempt was dated March 25, 1985. Relator attended that hearing. Relator then was found guilty of contempt of court in that he had willfully failed and refused to pay child support as theretofore ordered in the amount of $3,360, which was in arrearage.

There is, in the record, an affidavit prepared for the signature of Barbara Scaff, the official court reporter of the 317th District Court. It is unsigned. It is not sworn to and acknowledged. It is totally unexecuted. The evident purpose of the unsigned affidavit was an attempt to show that Barbara Scaff had no records of the testimony of the March 25, 1985, hearing.

Also, apparently, the affidavit was an attempt to show that Barbara Scaff had no transcription of testimony or notes of any hearing or other matter concerning Cause No. 119,902, entitled *In the Matter of Rhonda Berryhill and Charles Monroe Berryhill,* on March 25, 1985.

On September 3, 1987, the Relator made the ex parte, out-of-court affidavit. This was done two full months after the 279th District Court took its action. Berryhill's affidavit was never presented to either Judge Farris or Judge Walker. The affidavit of September 3, 1987, complains only of the hearing of March 25, 1985, although the affidavit misrecites the year as 1987. No complaint or attack is made on the hearing of June 29, 1987, nor the resulting order of contempt, nor Attachment and Commitment in Contempt signed, attested and issued June 30, 1987, except that these latter orders are based on the "authority" of the March 25, 1985, order.

Apparently, the Relator was represented by counsel in the June, 1987, proceedings. Relator makes no complaint nor contention that he was not adequately and effectively represented by counsel in June, 1987.

 The alleged contemner has the burden of proof to show his involuntary inability to pay child support as a defensive matter. *Ex parte Padfield*, 154 Tex. 253, 276 S.W.2d 247 (1955); *Whatley v. Whatley*, 493 S.W.2d 299 (Tex.Civ.App.—Dallas 1973, no writ). An original habeas corpus proceeding in this court is a collateral attack on the contempt decree. Relator must show the decree void. The Relator must clearly demonstrate, in a contempt proceeding, that he did not have resources and, further, that he had no sources from which to raise the amount in arrears. He must show these defensive matters. *Ex parte Rohleder*, 424 S.W.2d 891 (Tex.1967).

 To establish the defense of impossibility of performance in civil contempt, relator must conclusively demonstrate at the contempt hearing that he did not then have, and had no source from which to obtain, the amount in arrears. *Ex Parte Rohleder, supra*. To prove the defense for criminal contempt, Relator must conclusively show that he was unable to pay each time payment was due under the support order. *See Ex parte De Wees*, 146 Tex. 564, 210 S.W.2d 145 (1948); *Ex parte Williams*, 704 S.W.2d 465 (Tex.App.—Houston [1st Dist.] 1986, no writ).

 Berryhill has failed to meet his burden of proof. He makes no effective attack on the trial court's orders, attachment and commitment in contempt of June 30, 1987. The Relator has failed to show that the actions of the trial judge, in June, 1987, were and are void. He makes no showing that Judge Farris' order of contempt is void.

Even if we were to assume, arguendo, that there exists an executed affidavit by Barbara Scaff we do not think that such an affidavit would lead to a different result in this proceeding, the reason being that, if there are no records or notes of the March 25, 1985, hearing, then the Relator is not able to demonstrate that his ex parte, out-of-court affidavit of September 3, 1987, has any basis in the record. Furthermore, it is clear that no affidavit was obtained from District Judge James Farris concerning his recollection, docket entry or his manner of proceeding on contempt matters, as of March 25, 1985. It might be both interesting and helpful to know what his affidavit or recollection would reflect.

Certainly there is no attempt to show any of the record made before Judge Robert Walker on June 29 and June 30, 1987. There is not even a blank affidavit from the official court reporter of the 279th District Court.

The dissent stresses *Ex parte Hamill*, 718 S.W.2d 78 (Tex.App.—Fort Worth 1986, no writ). Our record is meaningfully different and easily distinguishable from *Hamill, supra*. In *Hamill*, the Fort Worth court had before it a record showing that the court master, at the trial level, testified affirmatively that when she (the court master) held the contempt hearing Hamill was unemployed and was relying upon his family to provide him with food and shelter. Hamill had further advised her that he could not afford to hire attorneys although he had spoken to more than one attorney on the telephone. The court master further affirmatively stated, in her testimony, that she advised Hamill of his right to have an attorney present but that she did not advise him that an attorney would be appointed to represent him in the contempt

matter, in the event he could not afford counsel. We have no such record before us. Relator has made no motion or other effort to supplement the record; it is his duty to do so.

If our opinion is erroneous, then the logical results are that an order of contempt is rendered void by merely filing an ex parte, out-of-court affidavit made and signed some 2 years and 5 months after the relevant hearing, which affidavit was not in the record and could not have been in the record before either district judge that acted in this matter. Relator did not appeal from the order of March 25, 1985, nor did he seek a writ of mandamus, or habeas corpus, or any other relief at that time. Query: Under this record then, what child support orders, if any, are enforceable by contempt? And it is clear that the Relator did not follow *TEX.R.APP.P. 120(b)(5), (6), (8)*.

■ However, inasmuch as Judge Farris of the 317th Judicial District Court obviously has not seen the Relator's affidavit, we, in an effort to fully develop the true facts, remand this cause for a full hearing concerning, inter alia, Berryhill's alleged request for an attorney and a showing of Berryhill's indigency on March 25, 1985. We order that the said hearing before Judge Farris, on this remand, be conducted within 20 days of the date of this opinion.

Furthermore, inasmuch as Judge Robert Walker of the 279th District Court obviously has not seen the Relator's affidavit, it is evident that it would be very helpful to us to have the record made before Judge Walker on June 29th or 30th, 1987, including all appearances, all testimony and all exhibits, if any. In other words, we need the entire record made before Judge Robert Walker by this Relator at or prior to the time that the attachment and commitment was issued by Judge Walker. The record made before Judge Walker in June, 1987, should be prepared and transmitted to this court within 20 days.

Thereafter, the Relator shall file a brief within 15 days. Relator has failed to file any brief to date. Any briefs on behalf of the trial courts below, or any interested party, should then be filed within 15 days of the filing of the Relator's brief.

The dissent assumes, as an established, proven fact, that the Relator was indigent on March 25, 1985. This indigency is not shown in the record before us. It is set out only in the ex parte, self-serving, out-of-court affidavit made by Relator on September 3, 1987. It is puzzling, at least to this writer, why the dissent would direct the Judge of the 279th District Court to conduct another hearing. The record in the 279th District Court, before Judge Walker, should be available in a complete form.

Cause remanded for proceedings consistent with this opinion.

REMANDED.

BURGESS, Justice, dissenting.

I respectfully dissent. I would handle the matter thusly:

NO. 09–87–194 CV

EX PARTE

CHARLES MONROE BERRYHILL

ORIGINAL PROCEEDINGS

ORDER

This is a habeas corpus action. Relator was ordered confined by the 279th District Court of Jefferson County. The order of confinement grows out of a motion to revoke his previously ordered probation. He was previously held in contempt and placed on probation March 25, 1985. Relator alleges the present threat of confinement is illegal because it is predicated on the March 25, 1985 order and that that order is void because, although indigent, he was not represented by counsel. Relator attaches an affidavit to his application wherein he swears he informed the court of his indigent status and requested the appointment of counsel. The March 25th hearing was before the effective date of *TEX.FAM. CODE ANN. sec. 14.32(b)* (Vernon 1986) which prohibits the entry of a contempt

order unless the court reporter makes a record of the proceeding.[1]

Rather than accept relator's uncontradicted allegations, we feel constrained to abate this proceeding for a hearing to determine whether Berryhill was required to proceed, in March 1985, upon a motion for contempt without counsel at a time when the question of his indigency was raised. *See Ex parte Hamill*, 718 S.W.2d 78, 79 (Tex.App.—Fort Worth 1986, no writ).

We, therefore, abate this proceeding and direct the judge of the 279th District Court to conduct a hearing in accordance with this opinion. Thereafter, within 30 days of said hearing the record shall be transmitted to this court. Relator shall file a brief within 20 days and briefs on behalf of the court or any interested party may be filed within 20 days of the filing of relator's brief.

ABATED WITH DIRECTIONS.

 PER CURIAM

November 5, 1987

Do not publish

Since the majority determines to handle the matter in a different manner, I respectfully dissent.

---

1. There is some question whether a record was made. If so, then that record shall be transmitted in lieu of an additional hearing.