**Rickie TREVINO and Grace Trevino, Relators,**

v.

**The Honorable Stephen B. ABLES, Respondent.**

**No. 04–97–00056–CV.**

Court of Appeals of Texas,
San Antonio.

April 2, 1997.

---

Anthony W. Walluk, San Antonio, for Appellant.

Robert J. Ogle, Law Offices of Robert J. Ogle, Boerne, Nancy Oseasohn, Texas Dept. of Protective & Regulatory Services, San Antonio, Johnnie Beth Page, Assistant Attorney General, Assistance Division, Austin, for Appellee.

Before HARDBERGER, C.J., and GREEN and DUNCAN, JJ.

## OPINION

HARDBERGER, Chief Justice.

This petition for writ of mandamus arises from a custody case where the trial court denied a motion to transfer venue that was filed by relators, Grace and Rickie Trevino, under section 155.201 of the Family Code. The real parties in interest, the minors' attorney ad litem, and the Texas Department of Protective and Regulatory Services (the Department), agree the children lived in Bexar county foster care for more than six months, but they contend foster care cannot establish residency for purposes of section 155.201. Because we hold that section 155.201 does not apply absent a final decree, we deny the writ of mandamus.

## Background

In 1994, the Department filed suit in the 216th Judicial District Court of Kendall County to terminate the Trevinos' parental rights. A year later, the trial court signed a "Decree in Suit Affecting the Parent–Child Relationship," which appointed the Department as managing conservator of the Trevinos' three children. The Trevinos were named as possessory conservators, but Grace received only limited visitation rights and Rickie received no visitation rights. The "decree" reserved the issue of termination for a later date, and the parties agree this issue has not been resolved.

The Department placed two of the children in foster homes located in Bexar County while the third child was placed in foster care in Kendall County. The Trevinos also moved to Bexar County where they filed a motion to modify custody regarding all three children.

Regarding the two children living in Bexar County, the Trevinos filed a motion to transfer venue, citing section 155.201 of the Texas Family Code. *See Koether v. Morgan,* 787 S.W.2d 582, 585 (Tex.App.—Waco 1990, orig. proceeding) (explaining that section 155.201 permits transfer of some but not all children).

The Department objected to the motion to transfer but did not contest the children's residency. Instead, it asserted that the best interest of the children would be served by having the modification handled by the same judge and attorney ad litem who were handling the requested termination. After holding a non-evidentiary hearing, the trial court stated that foster care placement could not form the basis for transferring venue, and it denied the Trevinos' motion to transfer.

## Standard of Review

Mandamus issues only to correct a clear abuse of discretion or a violation of a duty imposed by law when there is no other adequate remedy at law. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles or acted in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). When we review factual issues or matters committed to the trial court's discretion, we may not substitute our judgment for that of the trial court. *Walker,* 827 S.W.2d at 839–40. However, our review of the trial court's determination of the legal principles controlling its ruling is much less deferential. *Id.* at 840. A trial court has no discretion in determining what the law is or in applying the law to the facts. *Id.*

## Discussion

The Trevinos contend the trial court abused its discretion in denying their motion to transfer venue because transferring a case to a county where children have resided for more than six months is a mandatory ministerial duty under section 155.201 of the Fam-

ily Code. *See Proffer v. Yates*, 734 S.W.2d 671, 673 (Tex.1987); *Bollard v. Berchelmann*, 921 S.W.2d 861, 863 (Tex.App.—San Antonio 1996, orig. proceeding). In response, the real parties in interest argue that the temporary living conditions of foster care are insufficient to trigger the transfer required by section 155.201. *See Martinez v. Flores*, 820 S.W.2d 937, 939 (Tex.App.—Corpus Christi 1991, orig. proceeding) (suggesting that section 155.201 requires a permanent residence).

■ Section 155.201 provides, in pertinent part, that:

If a suit to modify or a motion to enforce an order is filed in the court having *continuing, exclusive jurisdiction* of a suit, on the timely motion of a party the court shall transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer.

TEX.FAM.CODE ANN. § 155.201(b) (Vernon 1996) (emphasis added). By referring to the court of "continuing, exclusive jurisdiction," this section assumes that a final decree has been entered in the suit affecting the parent-child relationship. *See id.* § 155.001(d) (noting that a final order establishes a court of continuing, exclusive jurisdiction). Without a final decree to modify, section 155.201 does not apply.

■ In this case, the Trevinos filed a motion to modify alleging the 216th Judicial District Court had acquired "continuing, exclusive jurisdiction" by an order signed August 3, 1995. On this date, the trial court entered a "decree" finding that "it ha[d] jurisdiction" and that "no other court ha[d] continuing[,] exclusive jurisdiction." However, the court did not affirmatively state that it had continuing, exclusive jurisdiction. *See In re Fite v. Nelson*, 869 S.W.2d 603, 605 (Tex.App.—Houston [14th Dist.] 1994, no writ) (distinguishing "continuing" and "continuing, exclusive" jurisdiction). The court's order also stated that "the merits of the Petitioner's Petition to terminate the Parent-Child Relationship were not considered by the Court." Because this issue was not addressed, the decree was not a final order and,

therefore, did not create a court of continuing, exclusive jurisdiction. *See Woosley v. Smith*, 925 S.W.2d 84, 86 (Tex.App.—San Antonio 1996, no writ.) (holding that divorce decree disposing of all issues and parties is final); *Ex parte Sustrik*, 721 S.W.2d 592, 593 (Tex.App.—Fort Worth 1986, orig. proceeding) (finding no evidence of a final divorce decree).

Without a final order, section 155.201 is not applicable to this case.[1] *See McManus v. Wilborn*, 932 S.W.2d 662, 664–65 (Tex.App.—Houston [14th Dist.] 1996, orig. proceeding [leave denied]) (explaining that section 103.001 applies to original suits while section 155.201 applies to modification suits). Therefore, we need not address whether children living in foster care have established a residence under section 155.201. Because section 155.201 is not applicable, the trial court acted reasonably when denying the Trevinos' motion to transfer venue based on that provision.

### Conclusion

Finding no abuse of discretion, we deny the writ of mandamus.

---

1. We also reject the attorney ad litem's contention that the Family Code's "emergency procedures" control venue of the Trevinos' modification request. *See* TEX.FAM.CODE ANN. § 262.203 (Vernon 1996).