United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 25, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60717
Summary Calendar
_____

MARY HALLMAN, Executrix of the
Estate of Charles Clifton Walters, deceased,

Plaintiff-Appellant,

versus

LEE COUNTY, MISSISSIPPI,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:01-CV-455
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Mary Hallman, as executrix of the estate of Charles Clifton Walters, appeals the summary-judgment dismissal of Walters' 42 U.S.C. § 1983 complaint, alleging claims of wrongful arrest, denial of <u>Miranda</u> rights, fraudulent indictment, wrongful incarceration, malicious prosecution, denial of medical care, physical abuse, and state law claims for defamation, invasion of privacy, and negligent and/or intentional infliction of emotional distress. The allegations arose out of the arrest and indictment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of Walters for murder and his incarceration pending trial.  His state court criminal trial on the murder charges resulted in an acquittal.  Walters' complaint alleged that the County was directly liable and responsible for the acts of its agents because the County failed to (1) adequately train and/or supervise its agents and (2) enforce and/or ensure that the laws of the United States and the State of Mississippi were being enforced.

Hallman first avers that the district court erred in granting summary judgment in favor of the County before discovery was completed.  Hallman did not seek a continuance of the motion for summary judgment on the basis that additional discovery was needed pursuant to FED. R. CIV. P. 56(f).  Moreover, Hallman has failed to show that additional discovery was necessary to establish any issue of material fact which would have precluded summary judgment.  International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1266 (5th Cir. 1991).

Hallman does not specifically argue that the district court erred in granting summary judgment on her failure-to-train/supervise claim.  Accordingly, the claim is deemed abandoned on appeal.  Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Because there was no genuine issue of material fact, only the conclusional allegations, that the County had in place any official or non-official policy evidencing objective deliberate

indifference to the constitutional rights of criminal suspects or pre-trial detainees, the district court did not err in granting the County's motion for summary judgment.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The district court also properly refused to exercise jurisdiction over the state law claims.  28 U.S.C. § 1367(c)(3); Rhyne v. Henderson County, 973 F.2d 386, 395 (5th Cir. 1992). However, the judgment of the district court is amended to dismiss the state law claims without prejudice.  See Hamill v. Wright, 870 F.2d 1032, 1038 (5th Cir. 1989) (modifying dismissal of state law claim to be without prejudice, except as to filing in federal court).  The judgment is MODIFIED to be without prejudice as to the state law claims.  As so modified, the judgment is AFFIRMED.

MODIFIED IN PART AND AFFIRMED AS MODIFIED.