

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00027-CV

IN RE: STACEY DIANE SARTOR

Original Mandamus Proceeding

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

Stacy Diane Sartor filed a petition for a writ of mandamus complaining of the trial court's failure to transfer venue in a suit affecting the parent-child relationship. We deny the requested relief.

## I.    Background

On October 23, 2014, Jason Sartor, real party in interest, filed his "original petition in suit affecting the parent-child relationship seeking modification of out-of-state order" in the 6th Judicial District Court of Lamar County. The out-of-state order Jason sought to modify was the parties' judgment of divorce rendered in 2013 in Jefferson County, New York. In response, Stacy, the mother and primary conservator of the parties' two minor children, filed a pro se motion to dismiss for want of personal jurisdiction and improper venue, or, in the alternative, to transfer venue. Stacy claimed that Jason is a resident of Watertown, New York, as stated in the parties' divorce decree.[1] Stacy further claimed that she and the two minor children reside in Greenville, Hunt County, Texas, and that they have resided there for a period of more than six months. Stacy, therefore, claimed that Hunt County is the proper venue for further proceedings.

After having retained counsel, Stacy filed her first amended motion to transfer venue on January 16, 2015. Stacy again asserted in her amended motion that both she and the children have resided in Hunt County, Texas, for a period of longer than six months prior to the time the motion to modify was filed, and the children have never resided in Lamar County. Stacy further alleged

---

[1]Stacy did not provide this Court with a copy of the parties' divorce decree.

2

that she believed Jason resided in Kansas. Jason, thereafter, filed an affidavit controverting the motion to transfer, in which he stated that he was an active member of the military, that he entered the military in Lamar County, Texas, and maintains his residency there.

On March 20, 2015, the trial court conducted a hearing on the motion to transfer venue.[2] Jason was permitted to appear by telephone, as he was stationed in Kansas and was unable to be present in Paris on the hearing date. Jason was never called to testify, however, because the trial court determined it had sufficient evidence to decide the matter based on the testimony of Jeff Sartor, Jason's father, and based on Stacy's testimony.

Jeff testified that Jason was living in Lamar County when he joined the military and that Jason continues to pay taxes in Lamar County. Although Jason is currently stationed in Kansas, Lamar County is his county of residence. Stacy testified that she currently resides in Hunt County with her children and that they have lived in Hunt County for seven months. She and the children moved to Hunt County in September 2014. Stacy further testified that at the time the petition for modification was filed in October 2014, she and the children had been living in Hunt County for less than one month. Prior to moving to Hunt County, Stacy and the children resided in Hopkins County for over one year. The trial court denied the motion to transfer.[3]

---

[2]Stacy appeared pro se at the hearing, as her attorney had previously been permitted to withdraw as counsel.

[3]At the hearing, Jason informed the trial court that "[he] filed a motion to transfer it here to Lamar County." The trial court indicated that it was going to grant that motion. Neither a motion to transfer to Lamar County nor an order granting said motion is included in the mandamus record.

3

## II. Analysis

Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Sw. Bell Tele. Co., L.P.*, 226 S.W.3d 400, 403 (Tex. 2007) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). "A trial court has no 'discretion' in determining what the law is or applying the law to the facts," and "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Walker*, 827 S.W.2d at 840.

Stacy complains that the trial court abused its discretion by failing to transfer venue to Hunt County, claiming she and the parties' minor children were residents of that county for longer than six months, in compliance with the mandatory provisions of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 155.201 (West 2014). The relevant provision of the statue provides,

> If a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court shall, within the time required by Section 155.204, transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer.

TEX. FAM. CODE ANN. § 155.201(b). Section 155.201(b) applies to a suit to modify or a motion to enforce filed in "the court having *continuing, exclusive jurisdiction*." *Id.* "By referring to the court of 'continuing, exclusive jurisdiction,' this section of the statute assumes that a final decree has been entered in the suit affecting the parent-child relationship." *Trevino v. Ables*, 943 S.W.2d 166, 168 (Tex. App.—San Antonio 1997, orig. proceeding). Unless the Lamar County District Court is the court of continuing, exclusive jurisdiction, Section 155.201(b) does not apply. *See id.* There is no evidence in the record before this Court that demonstrates that the Lamar County

4

District Court is the court of continuing, exclusive jurisdiction in this case.[4] In the absence of such evidence, this Court is not in a position to evaluate the merits of Stacy's petition for a writ of mandamus. Moreover, Stacy does not cite any additional authority in support of her contention that the requested venue transfer was mandated.

Because Stacy has not established a right to mandamus relief, her petition for a writ of mandamus is denied.

Bailey C. Moseley
Justice

Date Submitted: July 13, 2015
Date Decided: July 14, 2015

---

[4]"Article 2 of the [Uniform Child Custody Jurisdiction Enforcement Act] specifically grants exclusive continuing jurisdiction over child-custody disputes to the state that made the initial custody determination and provides specific rules on how long this jurisdiction continues." *In re Forlenza*, 140 S.W.3d 373, 375 (Tex. 2004) (orig. proceeding).