In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-16-00466-CV**
_____

**IN RE BRANDON BRADLEY**

**Original Proceeding**
**317th District Court of Jefferson County, Texas**
**Trial Cause No. C-188,770**

**ORDER**

Relator Brandon Bradley filed an amended application for writ of habeas corpus, in which he alleges that his confinement is illegal because the Sheriff of Jefferson County, Texas ("the Sheriff"), has not permitted him to receive the time credit to which he is entitled. According to Bradley, (1) the trial court erred by adopting an order enforcing his child support and medical support obligation when he had filed a notice of appeal, and (2) the Sheriff "has a policy of applying good conduct sentence commutations to other similarly situated county jail prisoners[]" but has nevertheless construed Bradley's sentence as one that must be "served day

1

for day." Bradley further alleges that on October 21, 2016, he became eligible for manual labor commutation pursuant to either article 43.10 or 43.101 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. arts. 43.10(6), 43.101 (West Supp. 2016); *Ex parte Acly*, 711 S.W.2d 627, 628 (Tex. 1986). Bradley argues that the denial of the credits to which he is entitled is a violation of his due process and equal protection rights.

Pursuant to Bradley's original application for habeas corpus, this Court ordered that Bradley be released on bond pending resolution of the merits of his application. The Sheriff filed an amicus curiae brief, in which he contends that the issue raised by Bradley is now moot because Bradley was released from jail. This Court's order clearly stated that Bradley was released on bond pending resolution of the merits of Bradley's application; therefore, the Court concludes that Bradley's application is not moot.

We refer this matter to the 317th District Court for the development of a record of the true facts regarding the allegations made by Bradley in his amended petition for habeas corpus. *See generally* Tex. R. App. P. 52.10(b); *see also Ex parte Berryhill*, 741 S.W.2d 186, 190 (Tex. App.—Beaumont 1987, orig. proceeding). The trial court shall also determine whether Bradley is entitled to appointed counsel to represent Bradley during said proceedings and whether

2

Bradley is indigent. The record of said proceedings in the 317th District Court is due to be filed with this Court on or before February 13, 2017.

ORDER ENTERED January 12, 2017.


PER CURIAM

Before Kreger, Horton, and Johnson, JJ.