# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40533
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 29, 2018

Lyle W. Cayce
Clerk

SCOTT EVERETT SHINE,

      Plaintiff - Appellant

v.

RICKY JONES, Franklin County Sheriff; JOHN DOES, Unknown Agents of the Franklin County Sheriff Department; HEATH HYDE, Surety,

      Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:17-CV-51

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

    Scott Shine appeals from the district court's dismissal of his 42 U.S.C. § 1983 action against Ricky Jones and Heath Hyde. The district court did not err in finding that Shine failed to state a claim upon which relief could be granted. We AFFIRM.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40533

## FACTS AND PROCEDURAL HISTORY

We summarize the facts as pled in Shine's complaint, as on a motion to dismiss we accept all well-pled facts as true. *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). In Shine's operative complaint, he alleged that bondsman Hyde provided a bond to release Shine on bail. Shine then alleges that "contact and communications" between Hyde and Sheriff Jones led Hyde to retract his bond. Hyde filed an Article 17.19 affidavit[1] with the court shortly after Shine's bond posted, claiming he had received information that Shine "made comments and is making plans to flee while on bond." The presiding judge issued a warrant for Shine's arrest. Within a week, Shine was arrested and incarcerated, where he remained until he was convicted on felony charges and sentenced to life imprisonment.

On March 3, 2017, Shine filed this suit against Jones, claiming he violated Shine's Fourth and Eighth Amendment rights. Jones answered, moving to dismiss Shine's claims. On May 25, Shine filed his first amended complaint, to which Jones responded by filing his second motion to dismiss. On June 26, Jones filed a motion for summary judgment. On August 21, Shine filed a second amended complaint, adding Hyde as an additional defendant. Shine sought compensatory damages for time incarcerated, exemplary damages, reasonable attorney's fees and costs, and interest. Jones and Hyde both filed motions to dismiss, which were granted by the district court.

Shine appeals the dismissal of his claims, arguing that the district court erred when it (1) refused to consider previously submitted summary judgment

---

[1] Article 17.19 of the Texas Code of Criminal Procedure permits a surety, who desires to surrender his principal, to file an affidavit of such intention, with notice to the principal's attorney, before the court or magistrate before which the prosecution is pending. If the court or magistrate finds cause, it will issue the capias or a warrant for arrest.

No. 18-40533

evidence, (2) held that Jones was entitled to qualified immunity, and (3) dismissed Shine's Section 1983 conspiracy claim for false arrest.

## DISCUSSION

We begin by addressing Shine's claim that the district court erred when it dismissed the suit without considering the affidavits he submitted on summary judgment on an earlier complaint in this suit. If a court looks to matters outside the pleadings on a motion to dismiss, the "motion must be treated as one for summary judgment." FED. R. CIV. P. 12(d). However, Rule 12(d) does not require that the court consider matters beyond the pleadings on such a motion; it is only when such additional materials are presented and "not excluded by the court" that the motion is converted into one for summary judgment. *Id.* The district court did not err when it did not consider evidence beyond the pleadings when ruling on the Rule 12(b)(6) motion to dismiss Shine's second amended complaint.

As to the merits of the dismissal under Rule 12(b)(6), we review such an order *de novo*. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). To survive a Rule 12(b)(6) motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint fails if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration in original) (quoting *Twombly*, 550 U.S. at 557). Dismissal is appropriate if the complaint lacks factual allegations central to an element of the claim. *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006).

Shine's allegations, taken as true, show that Jones conducted his arrest pursuant to a valid warrant. Sheriffs are entitled to qualified immunity for conducting an arrest pursuant to a warrant issued by a proper authority.

No. 18-40533

*Hamill v. Wright*, 870 F.2d 1032, 1036 (5th Cir. 1989). Therefore, Shine's claim against Jones must rest on his allegation that Jones and Hyde conspired to procure a false arrest warrant. Conspiracy is also Shine's only claim against Hyde.

To plead a conspiracy under Section 1983, a plaintiff "must allege facts that suggest: 1) an agreement between the private and public defendants to commit an illegal act, and 2) an actual deprivation of constitutional rights." *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994) (citations omitted). Shine has failed to allege any facts in his complaint that would even suggest an agreement between Jones and Hyde. Therefore, Shine has failed to plead an essential element of his claim.

AFFIRMED.