**Mary Peter CUDD, Relator,**

v.

**The Honorable Ogden BASS, Judge of The 300th District Court of Brazoria County, Texas, Respondent.**

**No. 01–89–00209–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

May 18, 1989.

Mary Peter Cudd, McConnell & Klement, P.C., Angleton, for relator.

Before EVANS, C.J., and DUGGAN and O'CONNOR, JJ.

OPINION

EVANS, Chief Justice.

Relator, Mary Peter Cudd, seeks a writ of mandamus directing the trial court to compensate her for legal services and expenses connected with her court-appointed representation of her indigent client in a habeas corpus proceeding. We conditionally grant the requested relief.

In April 1988, the trial court found Lloyd Jackson in contempt of the court's previous order to pay child support. Jackson appeared pro se at the contempt hearing. The trial court ordered Jackson confined for 30 days, and thereafter, until he paid past due child support, court costs, and attorney's fees. The court suspended the order on certain conditions, and ordered Jackson to appear on June 7, 1988, for a hearing to determine whether he had complied with such conditions for suspension of punishment. At that hearing, Jackson asked the court to appoint counsel to represent him. The court determined that Jackson was indigent and appointed relator to represent him "in this cause." After a July 6 compliance hearing, the court found that Jackson had not complied with the terms and conditions of the April order, and it revoked the suspension of commitment. On Jackson's behalf, relator filed an application in this Court for a writ of habe-

as corpus challenging Jackson's confinement. This Court found that the order of contempt was void, and ordered Jackson discharged from custody.

The trial court paid relator for her time and expenses through July 6, 1988, and for an August 2, 1988 court appearance. But the court, by order dated February 22, 1989, denied relator's request for payment for her time and the expense of preparing and filing the petition of writ of habeas corpus in this Court. In its order denying such payment, the court stated: "The court determined that the attorney had not been appointed to perform that work and that the request for fee should be denied."

In this petition for mandamus, the relator seeks an order directing the trial court to rescind its order denying such payment and directing the court to approve payment for fees and expenses for filing the writ of habeas corpus proceeding in this Court.

Texas Family Code Ann. sec. 14.32(f) (Vernon Supp.1989) relates to the appointment of counsel in any enforcement proceeding in which contempt of court is sought. It provides, in part, that an appointed attorney "shall restrict his representation of the respondent to the allegation of contempt ..., and shall not participate in collateral issues joined in the same proceeding.".

The issue here is whether the filing of a habeas corpus proceeding in this Court is a collateral issue within the meaning of the statute.

An indigent has the right to court-appointed counsel in a child support contempt proceeding in the trial court. *Ex parte Walker*, 748 S.W.2d 21 (Tex.App.—Dallas 1988, orig. proceeding); Tex.Fam.Code Ann. sec. 14.32(f) (Vernon Supp.1989).

The supreme court has held that contempt proceedings should conform as nearly as practicable to those in criminal cases. *Deramus v. Thornton*, 160 Tex. 494, 333 S.W.2d 824 (1960).

In *Ex parte Johnson*, 654 S.W.2d 415, 420–21 (Tex.1983), the court wrote:

Because contempt proceedings are triggered by actions which defy the state's

authority and entail possible penal sanctions, Texas courts have consistently held that alleged constructive contemnors are entitled to procedural due process protections before they may be held in contempt.

. . . .

We perceive no meaningful distinction between an individual's rights which are at stake in a constructive criminal contempt hearing under article 1911a and those at stake in an ordinary criminal trial where confinement is a possible penal sanction.

*Id.*

Citing these two cases, the Fort Worth court held that the right to counsel afforded to those accused of a crime by the provisions of the Texas Code of Criminal Procedure also applies to constructive criminal contemnors. *Ex parte Goodman*, 742 S.W.2d 536 (Tex.App.—Fort Worth 1987, orig. proceeding). Included under the rights to counsel provided for by the Code of Criminal Procedure is entitlement of an eligible indigent to have the trial court appoint an attorney to represent him in an appeal to the court of appeals. Tex.Code Crim.P.Ann. art. 1.051(d)(1) (Vernon Supp. 1989).

The remedy for challenging a void contempt order in a child support case is through a writ of habeas corpus proceeding in the court of appeals. Tex.Gov't.Code Ann. sec. 22.221(d) (Vernon 1988). Thus, insofar as it concerns the right to counsel, a habeas corpus proceeding in such a case is analogous to an appeal to the court of appeals.

Once the trial court declared Jackson an indigent, he was entitled to have counsel represent him at both the trial court enforcement proceedings and in the habeas corpus proceeding to declare the contempt order void. The trial judge's order contained no language limiting the scope of the attorney's representation in the enforcement proceedings in the trial court. We conclude, therefore, that the relator's representation in the habeas corpus proceedings in this Court was not a collateral issue to the enforcement proceedings, but

instead, was in the nature of an appeal from the contempt order. We accordingly hold that relator was authorized to represent the indigent in the habeas corpus proceeding and should be compensated for services rendered and expenses incurred in connection with that representation.

We conditionally grant relator's petition for writ of mandamus. However, we are confident that the trial judge will rescind his prior order and enter appropriate orders to compensate counsel for her representation. Mandamus will issue only if the trial court fails to comply with this Court's order.