## EX PARTE ALBERT C. DULANEY.

No. A-1277. Decided June 18, 1947.
Rehearing overruled July 16, 1947.
(203 S. W., 2d Series, 203.)

*Albert C. Dulaney,* of San Antonio, for petitioner.

*Raymond Gerhart,* of San Antonio, for respondents.

PER CURIAM:

This is an original habeas corpus proceeding in which the relator, Albert C. Dulaney, seeks release from an order of the District Court of the 73rd Judicial District of Bexar County, adjudging him to be in contempt and committing him to jail. It arose in connection with the trial of cause No. F-9883 in such court styled John G. Kircher, et ux. v. Albert C. Dulaney, et al, wherein the relator, who was present in open court, was ordered to produce in court a certain promissory note dated December 1, 1945, executed by John G. Kircher, et ux., payable to Albert C. Dulaney, Trustee, or give evidence showing the present physical location of the note and the owners thereof, which the relator refused to do. He was thereupon in open court adjudged to be in contempt and ordered imprisoned in the county jail until such time as he shall produce the note in court "or produce evidence satisfactory to the court showing where said note may be found, and in whose hands the said note is at the present time."

It is the settled law of this State, as well as in other jurisdictions, that in order to obtain the relief here sought the relator must show that the order or writ of commitment is absolutely void. To sustain that burden it must affirmatively appear that the court was without jurisdiction, and that as a result thereof the relator is restrained of his liberty without

due process of law. Ex Parte Lipscomb, 111 Texas 409, 239 S. W. 1101; Ex Parte Duncan, 127 Texas 507, 95 S. W. (2d) 675; Ex Parte Hughes, 133 Texas 505, 129 S. W. (2d) 270; Ex Parte Genecov, 143 Texas 476, 186 S. W. (2d) 225. That burden the relator has failed to discharge. On the contrary it appears that the court had jurisdiction to enter the order and issue the commitment, and thus no element of the principle of due process has been violated.

Therefore, the relator is remanded to the custody of the sheriff of Bexar County.

Opinion delivered June 18, 1947.

Rehearing overruled July 16, 1947.