

James N. Walker, Dallas, for relator.

Anne Turner, Dallas, for respondent.

Before HOWELL, HECHT and BAKER, JJ.

**Ex parte Michael Terry WALKER, Relator.**

**No. 05–87–01286–CV.**

Court of Appeals of Texas, Dallas.

Feb. 19, 1988.

BAKER, Justice.

This is an original habeas corpus proceeding by which relator Michael Terry Walker seeks his release from the Dallas County jail. The matter arises out of a child support contempt case. Relator asserts four points of error before this court contending the trial court erred: (1) by failing to hear evidence of his inability to pay the child support obligations; (2) by failing to appoint counsel for him because of the constitutional mandate for counsel in contempt hearings; (3) by imposing upon him the burden of proving inability to pay the child support arrearages; and (4) by failing to find that he sustained his burden of proving his inability to pay back-child-support. Because we find that relator's Sixth Amendment right to counsel in this matter was violated we grant the writ and order the relator discharged.

On February 10, 1983, a final judgment was entered in the 303rd Judicial District Court of Dallas County in the matter of the marriage of Paula and Michael Terry Walker. Part of this final decree required relator to pay child support to his ex-wife. On October 6, 1986, a modified order was entered in the case requiring relator to pay $350.00 per month in child support.

On September 25, 1987, relator's ex-wife filed her motion to hold him in contempt for failure to pay child support totaling $1,750.00 and requested interest, attorney's fees and costs. This motion was heard by

the trial court on October 19, 1987. Relator appeared *pro se*. The court held relator in contempt for failure to pay the child support payments as alleged by his ex-wife. Relator was ordered confined in the Dallas County jail for a period of sixty days with work release approved. This order also required relator to be further confined until he had: (1) paid $2,100.00 to his ex-wife; (2) paid a $36.00 collection fee to the Dallas County Child support office; (3) paid $240.00 to the District Clerk of Dallas County as costs of this proceeding; and (4) paid $800.00 to his ex-wife's attorney as a cost of the proceeding.

Relator challenges his confinement on several grounds, the principal one of which is that the contempt decree is void because he was indigent and not afforded assistance of counsel at the contempt hearing, and did not knowingly, intelligently, and voluntarily waive his right to counsel.

The United States Constitutional guarantee of due process under the Fourteenth Amendment incorporates the Sixth Amendment assurance that the accused in a criminal prosecution has the right to counsel. This imposes a duty on the State to provide counsel to a person accused who, because of indigence, cannot afford a lawyer. *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). This right extends to every case in which the litigant may be deprived of his personal liberty if he loses. *Lassiter v. Department of Social Services*, 452 U.S. 18, 25, 101 S.Ct. 2153, 2158, 68 L.Ed.2d 640 (1981). *Ridgway v. Baker*, 720 F.2d 1409, 1413 (5th Cir.1983).

▪ Whether considered "civil," "criminal," or "quasi-criminal" in nature, it is clear that the result of a contempt action for failure to pay child support arrearages is deprivation of the contemnor's liberty. Therefore, an indigent has the right to court-appointed counsel in a child support contempt proceeding. *Ex parte Young*, 724 S.W.2d 423, (Tex.App.—Beaumont 1987, orig. proceeding); *Ex parte Sustrick*, 721 S.W.2d 592 (Tex.App.—Fort Worth 1986, orig. proceeding). We hold, as each of these cases holds, that when the issue of

indigency is raised, the court is obligated to advise the alleged contemnor of the right to a court-appointed attorney. Such an attorney would be provided by the county upon a showing of indigency. Unless such advice is given, a party's failure to request counsel is not a waiver of his constitutional right to the assistance of counsel. *Ex parte Auten*, 458 S.W.2d 466 (Tex.Crim. App.1970); *see also Ex parte Strickland*, 724 S.W.2d 132 (Tex.App.—Eastland 1987, orig. proceeding).

In this case relator argues that he did in fact raise the issue of indigency and the trial court failed to inform him of his constitutional right to counsel. Relator further asserts that he did not knowingly or intelligently waive this right. Hence, the record demonstrates that the trial court should have informed him of his right to counsel. Because the court failed to do so, the court's order is void and relator should be discharged. Relator's ex-wife argues to the contrary, contending that relator elected to proceed with the hearing without benefit of counsel and that such election constituted a waiver of the right to counsel knowingly and intelligently made. The ex-wife also contends that the very fact that the contempt order was entered is evidence of the court's conclusion that relator was not indigent, and therefore, not entitled to be informed of his right to counsel or the appointment of one.

After the ex-wife testified concerning the relator's failure to comply with the terms of the support order the following colloquy transpired between the court and relator:

THE COURT: All right. [To the relator] Let me warn you, Mr. Walker, that this is a quasi-criminal proceeding. They have asked that I confine you to jail for your contempt—find you in contempt and put in jail. In a case such as this, you have rights under the United States Constitution and the Texas Constitution. You do not have to give testimony in this case pursuant to the fifth amendment, it's the protection you have under the Constitution. If you do give any testimony, then you're waiving your fifth amendment right. Ms. Turner (former

wife's counsel) can ask you any questions that she wishes. On cross-examination you won't be able to re-invoke that protection. Do you understand that?

MR. WALKER: I believe so.

---

THE COURT: Okay, what is this that you have handed me that is respondent's exhibit one?

MR. WALKER: That is a petition for a chapter seven liquidation, insoluble. All of—and a list of all my assets, which have been assigned to the Estate. And I'm appearing *pro se* on that, your Honor.

THE COURT: Okay. All right. Well, it's admitted. [To Ms. Turner] And your response? ...

MS. TURNER: Your Honor, my response to that was—would be he's got enough money to file and hire a lawyer to go through these proceedings, and that that—

MR. WALKER: No—

THE COURT: He's appearing *pro se*.

MR. WALKER: I'm appearing *pro se*, your Honor, and I've requested extended payment on the filing fee.

---

MR. WALKER: Your honor, then, at this time, may I request a continuance based on the desire to be represented by an attorney based on my inability to obtain an attorney in the last two weeks because of my financial situation, and I was served on the sixth of October and have not had adequate time to personally prepare or to actually solicit an attorney that is willing to take my case based on my financial situation? ...

THE COURT: [To relator] Your motion is denied.

---

MR. WALKER: I'm not really prepared to continue, but I guess I'll have to, so I think—I think I ought to remain—I don't know—remain mute, I guess.

The question of indigence having been raised, the trial court should have informed relator of his right to court-appointed counsel. Because the trial court failed to do so, its order holding him in contempt was void. We sustain this point raised by relator in his application for writ of habeas corpus.

Because of our disposition of this point, it is not necessary to consider the other points of error raised by relator. We grant relator's application for writ of habeas corpus and order that he be discharged from custody.