**Ex parte John E. GUNTHER, Relator.**

No. C–7725.

Supreme Court of Texas.

Sept. 21, 1988.

Ylise Y. Janssen, Portland, for relator.

Nathan East, Portland, for respondent.

PER CURIAM.

In this original habeas corpus proceeding, relator John E. Gunther has been held in contempt for failure to pay child support. A majority of the court granted the petition for writ of habeas corpus to consider whether the trial court was under a duty to inform Gunther of his right to be represented by counsel and his right to appointment of an attorney if indigency prevented him from obtaining representation.

Gunther was initially held in contempt on December 4, 1986, but punishment was suspended in order to permit him to make up the child support arrearage. A motion to revoke the suspension of commitment was filed about a year later. A hearing on this motion was conducted on February 19, 1988. Gunther appeared, but was not represented by an attorney. Testimony at this hearing indicated that the arrearage had increased since the signing of the original contempt order. At the conclusion of the hearing, the trial court held Gunther in contempt and ordered him confined to jail for a period of 30 days and thereafter until he paid $4,000.00 to reduce his arrearage. Gunther was taken into custody on February 19, and remained incarcerated until we released him, on bond, on July 22.

The events which ultimately gained Gunther his release from jail began in May when he filed an affidavit of indigency with the trial court and petitioned for appointment of counsel. On May 24, the trial court appointed counsel, who, after failing to obtain relief in the court of appeals, filed the present petition for writ of habeas corpus with this court.

In this petition it is urged that the trial court was under a duty to inform Gunther of his right to counsel and was further required to determine the issue of Gunther's indigency prior to proceeding to the issue of contempt. Because the Family Code requires this when incarceration is a possible punishment, we agree that the trial court was required to inform Gunther of his rights and, in the absence of a knowing waiver of such rights or compliance with the statute, was without authority to hold him in contempt. Tex.Fam.Code Ann. § 14.32(f) (Vernon Supp.1988). Section 14.-32(f) of the Family Code provides in pertinent part:

(f) Appointment of Counsel. In any enforcement proceeding in which contempt of court or a finding of violation of

a probation imposed in prior contempt proceedings is sought, the court shall first determine whether incarceration of the respondent is a possible result of the proceedings. If incarceration is possible, the court shall inform a respondent who is not represented by an attorney of his right to be represented and his right to appointment of an attorney if he is indigent. If the respondent claims indigency and asks for appointment of an attorney, the court shall require him to file an affidavit and may call witnesses and hear any relevant testimony or other evidence to determine the question of indigency. If the court determines that the respondent is indigent, an attorney shall be appointed to represent him.... If the court determines that the respondent will not be incarcerated as a result of the proceedings, the court may require a respondent who is indigent to proceed without an attorney.

Because the order of contempt is contrary to the requirements of § 14.32(f), a majority of the court grants the writ and, without hearing oral argument, orders relator discharged. Tex.R.App.P. 122.