**Ex parte Antonio MARTINEZ, II.**

**No. 05–89–00753–CV.**

Court of Appeals of Texas, Dallas.

Aug. 7, 1989.

Richard E. Harrison, Dallas, for appellant.

Dennis E. Alvoid, Dallas, for appellee.

Before McCLUNG, ROWE and BURNETT, JJ.

BURNETT, Justice.

Relator Antonio Martinez, II, ("Antonio") applied for a writ of habeas corpus. Because we find the judgment of contempt and order for commitment to be infirm in several respects, we grant the application. We issue this opinion to address only one of our concerns; we do not address here other grounds for sustaining Antonio's application.

Antonio and Sylvia Martinez Muniz ("Sylvia") were divorced on April 6, 1987. The final decree of divorce ordered Antonio to pay weekly child support payments of $70.98. On March 17, 1989, Sylvia filed a motion for contempt, alleging that Antonio had not made several payments when they came due. On June 20, the trial court heard Sylvia's motion and adjudicated Antonio in contempt. The trial court then ordered Antonio incarcerated until he paid the full arrearage of support payments, costs, and attorney's fees for Sylvia's attorney.

Antonio appeared at the hearing on Sylvia's contempt motion *pro se*. The judg-ment of contempt makes the opening recitations:

> ON THIS DAY came on to be held a hearing in the above cause.
>
> MOVANT, SYLVIA MUNIZ, formerly SYLVIA MARTINEZ, appeared in person and by attorney, Dennis E. Alvoid. ANTONIO MARTINEZ, II, appeared in person.
>
> ALL MATTERS OF LAW and facts were submitted to the Court, and the Court heard the evidence and considered the pleadings and argument *of counsel.*

(Emphasis added.)

■ In his application for writ of habeas corpus to this Court, Antonio argues that he was deprived of his constitutional right to counsel. It is well established that, when an alleged contemner faces possible incarceration for contempt, he is entitled to counsel. *Ex parte Walker*, 748 S.W.2d 21, 22 (Tex.App.—Dallas 1988, orig. proceeding); *Ex parte Goodman*, 742 S.W.2d 536, 541 (Tex.App.—Fort Worth 1987, orig. proceeding). This right can be waived, but it must be done so "knowingly and intelligently." *Walker*, 748 S.W.2d at 22.

■ Quite apart from the rights bestowed by the United States and Texas Constitutions, however, the Texas Family Code now also places an affirmative duty upon the trial court to protect an alleged contemner's right to counsel:

> In any enforcement proceeding in which contempt of court or a finding of violation of a probation imposed in prior contempt proceedings is sought, the court shall first determine whether incarceration of the [alleged contemner] is a possible result of the proceedings. If incarceration is possible, the court shall inform a[n] [alleged contemner] who is not represented by an attorney of his right to be represented and his right to the appointment of an attorney if he is indigent. If the [alleged contemner] claims indigency and asks for appointment of an attorney, the court shall require him to file an affidavit and may call witnesses and hear any relevant testimony or other

evidence to determine the question of indigency....

TEX.FAM. CODE ANN. § 14.32(f) (Vernon Supp.1989). In this case, Antonio's incarceration was not only a possible result, but was, in fact, the actual result, of the hearing. Therefore, the trial court was under a statutorily mandated duty to inform Antonio of his right to counsel and to allow him to proceed without counsel only if it found that Antonio "knowingly and intelligently waived" that right. *Walker*, 748 S.W.2d at 22.

The judgment of contempt, however, does not contain a recitation of any such finding. To the contrary; it recites only that the trial court considered the evidence, pleadings, and argument of counsel, that is, Sylvia's attorney. There is no indication in the judgment itself that the trial court heard Antonio at all. Sylvia argues that, in fact, the trial court did inform Antonio of his right to counsel and his right to the appointment of an attorney if he claimed that he was indigent. She argues that the statement of facts (which is not before this Court) would show that the trial court did inform Antonio of his rights concerning counsel. She concludes that, because Antonio did not bring forth a statement of facts to this Court, Antonio did not sustain his burden of showing that the judgment of contempt and order of commitment is void.

■■■ We disagree. As we have noted, the judgment of contempt in this case can fairly be read to recite that Antonio was not even heard before being incarcerated and that the trial court heard only Sylvia's counsel. Once Antonio attacked that judgment as void because he was not afforded his right to counsel, there is nothing appearing facially in that judgment itself that overcomes that attack. If a trial court does not inform an alleged contemner of his rights to counsel and to a court-appointed attorney if he is indigent, the trial court

is without authority to hold him in contempt. *Ex parte Gunther*, 758 S.W.2d 226, 226 (Tex.1988) (per curiam). Indeed, in *Gunther* the supreme court of Texas ordered a relator discharged from custody "[b]ecause the *order of contempt* [was] contrary to the requirements of § 14.32(f)." 758 S.W.2d at 227 (emphasis added). Nowhere in the *Gunther* opinion does the Supreme Court say what, if anything, the statement of facts revealed about what the trial court found concerning the relator's waiver of his right to counsel.[1]

Sylvia argues that the effect of our sustaining Antonio's attack on the judgment of contempt will be to shift the burden of producing a statement of facts from the relator to the respondent in a habeas corpus proceeding. (Neither Antonio nor Sylvia provided this Court with the statement of facts, and we expressly do not decide what effect, if any, the statement of facts would have had in this case.) We disagree; a recitation in the judgment of contempt itself that the trial court found that the relator, although appearing *pro se*, had knowingly and intelligently waived his or her right to counsel would establish, on the face of the judgment itself, the trial court's authority to enter it. We note further that an indigent, in order to establish his or her right to court-appointed counsel, must make a claim of indigency by a written affidavit. *See* TEX.FAM.CODE ANN. § 14.32(f) (Vernon Supp.1989). Yet, if an indigent appearing *pro se* must inaugurate his claim of indigency by filing an affidavit of record, it does not seem an unduly harsh burden to require the movant for contempt to see that a court's finding of a contemner's knowing and intelligent waiver of the right to counsel be reduced to writing.

We also note that a judgment of contempt must contain certain factual recitations to withstand attack on review by habeas corpus; *see* TEX.FAM.CODE ANN.

---

1. The *Gunther* opinion does state that "[t]estimony" at the contempt hearing established that the relator's arrearage kept increasing after his punishment was suspended from a previous contempt proceeding. 758 S.W.2d at 226. It would be hasty, however, to conclude that that remark indicates that the supreme court had a complete statement of facts before it. It would be equally hasty to conclude that the supreme court did not mean exactly what it said: that the order of contempt in *Gunther* was void because its recitations of findings of fact did not comply with statutorily mandated provisions.

§ 14.33(a) (Vernon Supp.1989); *Ex parte Durham*, 708 S.W.2d 536, 537–38 (Tex.App.—Dallas 1986, orig. proceeding). Yet the right to counsel is a fundamental element of due process. *See Walker*, 748 S.W.2d at 22. If the law requires a judgment of contempt to contain certain factual recitations in order to withstand review, we see no reason why the preservation of the right to counsel should not also have to appear affirmatively of record, along with the other required recitations, especially when an alleged contemner's liberty is at stake.

 We hold, therefore, that, when Antonio appeared to defend himself *pro se* against a charge of contempt and then applied for a writ of habeas corpus on the ground that he did not knowingly and intelligently waive his right to counsel, the record before this Court must affirmatively reflect that he did make such a knowing and intelligent waiver. We will not presume that Antonio made a knowing and intelligent waiver in the absence of a showing of the trial court's finding that he did so. We therefore grant Antonio's application for writ of habeas corpus and order that he be discharged from custody.