**Ex parte Jerry OCCHIPENTI, Relator.**

**No. 01–90–00489–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 6, 1990.

Rehearing Overruled Oct. 4, 1990.

John Knoff, Houston, for appellant.

Carol Wind, Houston, for real party in interest.

Before EVANS, C.J., and O'CONNOR and DUNN, JJ.

## OPINION

DUNN, Justice.

On May 30, 1990, the 315th District Court of Harris County adjudicated relator, Jerry Occhipenti, in contempt for failure to pay court-ordered child support, assessed punishment at 180 days confinement, and ordered relator confined thereafter until he paid. the child support arrearages. On June 8, 1990, this Court granted relator's motion for leave to file a petition for writ of habeas corpus, set bail at $500, and ordered relator released from custody pending a final determination of the validity of his confinement. Tex.R.App.P. 120(d). Relator had been confined for approximately eight days prior to the time we granted his motion for leave to file.

On February 11, 1981, the trial court ordered relator to pay the real party in interest $50 per week in child support every Friday beginning on February 13, 1981. On August 31, 1989, the real party in interest filed a motion for contempt against relator. The motion alleged that, as of August 9, 1989, relator had paid only $200 in child support since February 13, 1981, and the total arrearages were $21,950. The motion also alleged repeated past violations and anticipated future violations by relator of the February 11, 1981, order between the filing of the motion and the date of the show cause hearing. The real party in interest sought, among other things, that relator be held in contempt, and that he be confined for a period not to exceed six months and thereafter until the child support arrearages were paid in full.

A show cause hearing was originally set for May 16, 1990, but was reset to May 30, 1990, so that relator could hire an attorney. Following the show cause hearing on May 30, 1990, the trial court found relator in contempt of its February 11, 1981, order to pay child support. The trial court's order recites that relator appeared pro se at the May 30, 1990, show cause hearing. The trial court found that, as of May 30, 1990, the total amount of child support arrearages was $21,950, and that relator currently had the ability to pay this amount. The trial court also found that relator had the ability, but failed to pay his child support payments that were due on January 4, 1990, January 11, 1990, January 18, 1990, and January 25, 1990, for which the trial court assessed punishment at 180 days confinement. Thereafter, relator was ordered confined until he paid the $21,950 child support arrearages.

Relator has not filed a statement of facts from either the May 16, 1990, or the May 30, 1990, hearings. At oral argument, the real party in interest indicated that tape recordings were made of these hearings. On July 30, 1990, the real party in interest filed the tapes with this Court.

However, this Court lacks authority to consider the tapes because no Texas Supreme Court order exists authorizing the Harris County district courts to enter into a pilot project to study the use of an electronic recording system. *See Darley v. Texas Uvatan, Inc.,* 741 S.W.2d 200 (Tex.App.—Dallas 1987, no writ) (discusses supreme court order allowing Dallas County district courts to use electronic recording systems). Even if such a project existed in Harris County, this Court would not have the authority to consider the tapes because the court reporter did not certify them, and copies of the typewritten and original tape logs certified by the court reporter were not filed in this Court. 741 S.W.2d at 202 (sets out requirements for statement of facts on appeal from a proceeding in which an electronic tape recording has been made). Therefore, this case comes to this Court without a statement of facts.

■ This Court may order the release of the relator in a habeas corpus proceeding where the commitment, or the order on which it is based, is void. *Ex parte Barnett,* 600 S.W.2d 252, 254 (Tex.1980); *Ex parte Crawford,* 684 S.W.2d 124, 126 (Tex.App.—Houston [14th Dist.] 1984, orig. proceeding); *Ex parte McKinley,* 578 S.W.2d 437 (Tex.Civ.App.—Houston [1st Dist.] 1979, orig. proceeding).

■ It is difficult to determine what claims relator asserts as his first point of error. Relying on *Ex parte Martinez,* 775 S.W.2d 455 (Tex.App.—Dallas 1989, orig. proceeding), relator asserts in his original application that the contempt judgment is void because the trial court did not appoint an attorney to represent him in violation of Tex.Fam.Code Ann. sec. 14.32(f) (Vernon Supp.1990).[1] In a contempt proceeding where incarceration is a possible punishment, section 14.32(f) requires a trial court to advise an obligor of his right to an attorney and that one would be appointed to represent the obligor if he was indigent.

In a supplemental brief filed with this Court on August 3, 1990, relator asserts

that the trial court did not give him the admonishments set out in section 14.32(f). The record before us reflects that relator obtained a two week postponement of the hearing so that he could hire an attorney, and that he appeared at the May 30, 1990, contempt hearing without an attorney. Thus, the record reflects that relator knew of his right to be represented by an attorney.

Therefore, we understand relator's first point of error to be that the contempt judgment is void either because: (1) relator was indigent and he did not validly waive his right to court appointed assistance of counsel, a constitutional claim; or (2) the trial court failed to comply with section 14.32(f), a procedural irregularity. *See Ex parte Linder,* 783 S.W.2d at 759; *Ex parte Walker,* 748 S.W.2d 21, 22 (Tex.App.—Dallas 1988, orig. proceeding) (unless an indigent obligor is advised of his right to court-appointed counsel, his failure to request counsel is not a waiver of his constitutional right to assistance of counsel). Relying on *Linder,* the real party in interest urges us to presume, in the absence of a statement of facts, that the judgment is valid. 783 S.W.2d at 760. The following discussion disposes of both of relator's claims.

In resolving relator's first point, we discuss: (1) the holdings in *Martinez* and *Linder;* (2) criminal law principles; and (3) the application of the presumptions we apply in reviewing the trial court's judgment and how these presumptions affect our review of the substantive merits of relator's claim or claims.

The case of *Martinez* involved a factual situation similar to the one here. Without filing a statement of facts, relator filed a habeas corpus proceeding and claimed he did not validly waive his right to counsel at the contempt hearing. 775 S.W.2d at 456. Relying on *Ex parte Gunther,* 758 S.W.2d 226 (Tex.1988), the *Martinez* court concluded that section 14.32(f) required a contempt judgment to contain a recital that a pro se relator validly waived counsel, and that in

---

1. The case of *Ex parte Linder,* 783 S.W.2d 754, 761 (Tex.App.—Dallas 1990, orig. proceeding), overruled *Martinez.*

the absence of such a recital, the contempt judgment is void. *Martinez*, 775 S.W.2d at 457–58. The real party in interest argued that in the absence of a statement of facts, the appellate court should presume the validity of the contempt judgment. 775 S.W.2d at 457. In rejecting this contention, the *Martinez* court concluded that the *Gunther* court did not have a statement of facts before it, apparently applied the criminal law rule that a valid waiver of counsel may not be presumed from a silent record, and placed the burden on the real party in interest to see that a contempt judgment contains a recital that a pro se relator validly waived counsel. *Martinez*, 775 S.W.2d at 457–58; *see also Carnley v. Cochran*, 369 U.S. 506, 515, 82 S.Ct. 884, 889, 8 L.Ed.2d 70 (1962) (waiver of counsel may not be presumed from a silent record); *Samudio v. State*, 648 S.W.2d 312, 314 (Tex.Crim.App.), *cert. denied*, 462 U.S. 1132, 103 S.Ct. 3113, 77 L.Ed.2d 1368 (1983); *Linder*, 783 S.W.2d at 762–63 (Burnett, J., dissenting).

The *Linder* court rejected *Martinez*. *Linder*, 783 S.W.2d at 761. Noting that a relator bears the burden of showing his entitlement to relief in a habeas corpus proceeding, and that the issues of whether the trial court complied with section 14.-32(f) and whether a pro se relator validly waived counsel involve factual determinations, the *Linder* court stated that it could not review these claims in the absence of a statement of facts. 783 S.W.2d at 760. The *Linder* court also reexamined the *Martinez* court's reading of *Gunther*, and concluded that the *Gunther* court had a statement of facts before it when it determined that relator did not validly waive counsel, and that neither *Gunther* nor section 14.-32(f) require a trial court's judgment to contain a recital that a pro se relator validly waived counsel. *Linder*, 783 S.W.2d at 760. We agree with the *Linder* court's reading of *Gunther*.

The *Linder* court, in effect, attached little, if any, significance to the absence of a recital in a contempt judgment that a pro se relator validly waived counsel, and placed the burden on a relator in a habeas corpus proceeding to bring up a statement of facts showing that he did not validly waive counsel, and that the trial court did not comply with section 14.32(f). *Linder*, 783 S.W.2d at 760; *compare Samudio*, 648 S.W.2d at 314–15 (state bears the burden of showing a valid waiver of counsel in a direct appeal in a criminal case).

■ We begin our analysis with the rule that the same protections that apply to a defendant in a criminal proceeding apply to a contemnor in a contempt proceeding. *Ex parte Johnson*, 654 S.W.2d 415, 420–21 (Tex.1983). The rule that applies to a waiver of a right to a jury trial also applies to a waiver of right to counsel. *Samudio*, 648 S.W.2d at 314. In a direct appeal in a criminal proceeding, a valid waiver of counsel cannot be presumed from a silent record, and the state bears the burden of establishing that the record affirmatively shows a valid waiver of counsel. *See* 648 S.W.2d at 314–15. Where a judgment contains a recital that a defendant validly waived counsel, this Court presumes the truthfulness of the recital and the validity of the judgment, and the defendant has the burden of demonstrating the falsity of the recital to overcome the presumption. *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex.Crim.App.1984) (op. on reh'g).

■ However, this is a habeas corpus proceeding. Relator bears the burden of showing his entitlement to relief in a habeas corpus proceeding. *Johnson v. Zerbst*, 304 U.S. 458, 468–69, 58 S.Ct. 1019, 1024–25, 82 L.Ed. 1461 (1938) (in a habeas corpus proceeding, the burden of proof rests upon defendant to show that he did not validly waive his constitutional right to counsel); *Ex parte Auten*, 458 S.W.2d 466, 468 (Tex. Crim.App.1970) (petitioner in a habeas corpus proceeding has the burden of proving by a preponderance of the evidence that he did not validly waive a constitutional right that he asserts was denied him); *Ex parte Dulaney*, 146 Tex. 108, 203 S.W.2d 203 (1947) (relator has the burden to show that the order or writ of commitment is absolutely void); *see also Samudio*, 648 S.W.2d at 314 (waiver of jury can never be presumed from a silent record, "*at least on*

*direct appeal ")* (emphasis added). Our habeas corpus rules require no less. Tex.R. App.P. 120(b)(6) (places burden on relator to present facts sufficient to establish his right to relief); Tex.R.App.P. 120(b)(7) (places burden on relator to present a statement of facts when appropriate). Moreover, we see no constitutional prohibition in placing the burden on a relator in a habeas corpus proceeding to show that he did not validly waive counsel. *Johnson,* 304 U.S. at 468–69, 58 S.Ct. at 1024–25.

We are aware of no authority that places the burden on the real party in interest in a habeas corpus proceeding to bring up a statement of facts showing a valid waiver of counsel. The authorities we find are to the contrary. *Johnson,* 304 U.S. at 468–69, 58 S.Ct. at 1024–25; *Auten,* 458 S.W.2d at 468; *see also Samudio,* 648 S.W.2d at 314. Requiring the real party in interest to bring up a statement of facts showing a valid waiver of counsel impermissibly shifts the burden of proof from relator to the real party in interest in a habeas corpus proceeding. *See Linder,* 783 S.W.2d at 760. Such a rule would be inconsistent with the policy that a judgment should not be lightly set aside by collateral attack, and that when collaterally attacked in a habeas corpus proceeding, a judgment is presumed valid until a relator has discharged his burden of showing otherwise. *Johnson,* 304 U.S. at 468–69, 58 S.Ct. at 1024–25 (when collaterally attacked, the judgment carries a presumption of regularity, and where a pro se defendant acquiesces in a trial resulting in his conviction and later seeks release by habeas corpus, the burden of proof rests upon him to establish that he did not validly waive counsel); *Auten,* 458 S.W.2d at 468.

■ Based on the foregoing, we hold that neither *Gunther* nor section 14.32(f) requires a contempt judgment to contain a recital that a pro se relator knowingly and intelligently waived counsel. *Linder,* 783 S.W.2d at 760. Consequently, the judgment comes to this Court with a presumption of validity. *Johnson,* 304 U.S. at 468–69, 58 S.Ct. at 1024–25; *see Breazeale,* 683 S.W.2d at 450–51 (judgment that complies

with applicable statutes carries with it a presumption of regularity and truthfulness); *Samudio,* 648 S.W.2d at 314–15. We further hold that since this is a habeas corpus proceeding, it is relator's burden to demonstrate that the trial court did not comply with section 14.32(f), and that he did not validly waive counsel. *Johnson,* 304 U.S. at 468–69, 58 S.Ct. at 1024–25; *Auten,* 458 S.W.2d at 468. Relator failed to sustain this burden by his failure to present this Court with a statement of facts. *Linder,* 783 S.W.2d at 760.

Relator has failed to establish his entitlement to relief on this point. Tex.R.App.P. 120(b)(4), (7). We overrule relator's first point of error.

■ Relator's second point of error asserts that the trial court's order is void because "[it] lacked findings setting out specifically and with particularity, or incorporating by reference the provisions of the final order...." We understand relator to be arguing that the trial court's judgment is void because it does not contain sufficient findings on the provisions of the February 11, 1981, decree for which enforcement was sought as required by Tex.Fam. Code Ann. sec. 14.33(a) (Vernon Supp.1990). We disagree. The contempt judgment set out in ordinary and concise language what the February 11, 1981, decree required; how relator violated it; and the relief ordered by the trial court. *Ex parte Bagwell,* 754 S.W.2d 490, 491 (Tex.App.—Houston [14th Dist.] 1988, orig. proceeding) (section 14.33(a) requires an enforcement order to indicate what the prior final order, judgment or, decree required; how contemnor violated the order; and the relief ordered by the court).

Relator's second point of error is overruled.

■ Relator's third point of error asserts that the civil or coercive portion of the contempt judgment is void because it is based on a finding of total arrearages. He does not appear to challenge his sentence for criminal contempt of 180 days confinement. *See generally Ex parte Raymer,* 644 S.W.2d 889, 890–91 (Tex.App.—Amarillo 1982, orig. proceeding) (discusses distinc-

tion between criminal and civil contempt). Assuming relator challenges his sentence for criminal contempt, this portion of the trial court's judgment is valid because it is based on specific findings of the dates on which relator did not comply with the February 11, 1981, decree. *Ex parte Johnson*, 778 S.W.2d 168, 169 (Tex.App.—Houston [1st Dist.] 1989, orig. proceeding).

■ Therefore, since the sentence for criminal contempt is valid, it would be premature for us to address the validity of the civil portion of the order. Once relator has served his sentence for criminal contempt, he may file another motion for leave to file a petition for writ of habeas corpus if the trial court continues to confine him under the civil portion of the order.

To the extent relator's third point of error challenges his sentence for criminal contempt, we overrule it. To the extent his third point of error challenges the civil portion of the order, we do not address it.

■ Relator's fourth point of error asserts that the real party in interest's motion for contempt did not give him adequate notice of the specific contemptuous acts he committed because the trial court's specific findings on relator's failure to pay his child support payments covered acts occurring after the filing of the motion for contempt. We disagree. The motion for contempt pled that relator had repeatedly violated the February 11, 1981, order, and that future violations of a similar nature might arise between the filing of the motion and the date of the contempt hearing. Tex.Fam.Code Ann. sec. 14.311(e) (Vernon Supp.1990). We hold that this was sufficient notice to relator that the real party in interest intended to have him held in contempt for his contemptuous acts occurring after the filing of the motion. *Id.* Moreover, relator has waived this point by his failure to make any special exceptions requesting further notice of the charges against him. *Ex parte Stephens*, 734 S.W.2d 761, 762 (Tex.App.—Fort Worth 1987, orig. proceeding); *Ex parte Blackmon*, 529 S.W.2d 570, 573 (Tex.Civ.App.—Houston [1st Dist.] 1975, orig. proceeding).

Relator's fourth point of error is overruled.

Relator is remanded to the custody of the sheriff of Harris County to serve the remainder of his sentence for criminal contempt.