Ex parte Hammond 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-046-CV

EX PARTE SHARON KAY HAMMOND

 

Original Proceeding
 

O P I N I O N
                                                                                                     

      Relator Sharon Kay Hammond filed an application for writ of habeas corpus alleging that she
was illegally confined and restrained of her liberty in the Ellis County jail pursuant to a contempt
judgment and a commitment order resulting from her failure to pay child support. She alleges the
contempt judgment and commitment order are void because the trial court failed to inform Relator
of her right to be represented by counsel and of her right to the appointment of an attorney if she
was found to be indigent. She further alleges that the trial court failed to inquire about her
financial status, and provide her with an opportunity, if she claimed indigency, to request that an
attorney be appointed and to conduct a hearing to determine the question of Relator's indigency
as mandated by section 14.32(f) of the Family Code. See Tex. Fam. Code Ann. §14.32(f)
(Vernon 1994); Ex parte John E. Gunther, 758 S.W.2d 226-27 (Tex. 1988).
      Relator was released on bond set by this court and the matter was set for a hearing. The
statement of facts shows Realtor's allegations to be true—that she was not represented by an
attorney, was not advised of her right to be so represented, nor advised that one would be
appointed if she were indigent.
      The real party in interest, Wesley Leroy Hammond, filed a response in which he
acknowledged that the record contains no evidence that Relator was informed that if she was
indigent she was entitled to have an attorney appointed by the court. Hammond admits that
without such a record, in the interest of justice, Relator should be discharged from the order
revoking suspension and for commitment to the county jail.
      Given Hammond's response and the record's total failure to reflect that Relator was informed
of her right to counsel, we advance the case without oral argument and grant the writ. We hold
that the judgment and commitment order are void and order that the Sheriff of Ellis County
discharge Relator from custody. 
                                                                               PER CURIAM

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
      Writ granted
      Opinion delivered and filed June 1, 1994
      Do not publish 



eal
abated

Order
issued and filed July 2, 2008

Do
not publish