Opinion issued April 7, 2009





















In The
Court of Appeals
For The
First District of Texas




NO. 01-09-00231-CV




IN RE DANIEL SCOTT GOLDFINE, Relator




Original Proceeding on Petition for Writ of Habeas Corpurs




MEMORANDUM OPINION
          Relator, Daniel Scott Goldfine, requests habeas corpus relief from a March 12,
2009 order revoking suspension of commitment that the trial court originally ordered
in the August 8, 2008 “Agreed Order Holding Respondent in Contempt for Failure
to Pay Child Support, Granting Judgment and Arrearages, and Suspending
Commitment.” In his sole ground for relief, relator asserts that the decree that the
trial court held he violated is void in that it is non-specific, is ambiguous, and does
not order him to pay child support. We deny habeas corpus relief.
Factual Background
          On July 29, 2003, the trial court dissolved the marriage of relator and real party
in interest, Donna Ann Baker, issuing an “Agreed Final Decree of Divorce.” In the
decree, the trial court stated the child support provision as follows:
IT IS ORDERED AND DECREED that Daniel Scott Goldfine, as
child support, $1,000.00 per month, with the first payment due on
August 15, 2003, and subsequent like payments of $1,000 being due and
payable on the 15th day of each month thereafter until the earliest
occurrence of one of the following events: . . . . 
 
                    IT IS ORDERED AND DECREED that Daniel Scott Goldfine
shall make child support payments through the Harris County Child
Support Division, . . . and then remitted by that agency to Donna Baker
Goldfine, or deposit such amounts at her direction. IT IS FURTHER
ORDERED that Daniel Scott Goldfine shall pay, when due, and all fees
charged by that agency.
 
IT IS ORDERED AND DECREED that any employer of Daniel
Scott Goldfine shall be ordered to withhold from earnings for child
support from the disposable earnings of Daniel Scott Goldfine for the
support of the child. . . . Depending on the regularly scheduled wage and
salary payments established by the employer, the employer shall be
ordered to withhold from earnings for child support on the schedule
appropriate to the employer’s payroll period, as follows: $1,000.00
monthly, $500.00 semimonthly . . . .
 
IT IS FURTHER ORDERED AND DECREED that all amounts
withheld from disposable earnings of Daniel Scott Goldfine by the
employer and paid in accordance with the order to that employer shall
constitute a credit against the child support obligation. Payment of the
full amount of child support ordered paid by this decree through the
means of withholding from earnings shall discharge the child support
obligation. If the amount withheld from earnings and credited against
the child support obligation is less than 100 per cent of the amount
ordered to be paid by this decree, the balance due remains an obligation
of Daniel Scott Goldfine and it is herby ORDERED AND DECREED
that Daniel Scott Goldfine pay the balance due directly to Donna Baker
Goldfine . . . .

          On July 29, 2008, Donna filed a motion for enforcement of the child support
provision of the 2003 agreed decree. In it she set out, verbatim, the operative
language of the child support order from the July 29, 2003 decree as the provision she
alleged relator had violated and for which she was seeking enforcement. Donna
alleged relator had violated the child support order to pay $1,000 on the 15th day of
the month, 19 times during a period spanning November 15, 2005 to June 15, 2008,
but credited relator for making one $1,000 payment on May 5, 2006 and smatterings
of other amounts on other dates.
          On August 7, 2008, the relator, represented by the same attorney, who
represents him in this original habeas corpus proceeding, signed an “Agreed Order
Holding Respondent in Contempt for Failure to Pay Child Support, Granting
Judgment for Arrearages, and Suspending Commitment” (agreed contempt order). 
In it, the trial court set out the operative language of the child support order in
question as the provision relator had contemptuously violated 19 times by not paying
$1,000 on the 15th day of the month, resulting in a total child support arrearage of
$15,321.22. 
          In the agreed contempt order, the trial court sentenced relator to 180 days
confinement for each violation, to run concurrently, but placed relator on community
supervision and suspended commitment, provided, among other things, that relator
(1) pay Donna on the child support arrearage a lump-sum payment of $5,000 on the
day he signed the agreed contempt order, (2) pay Donna on the child support
arrearage $175 a month starting August 15, 2008 and continuing in the same amount
and frequency each month thereafter until the entire child support arrearage of
$15,321.22 and any accrued interest is paid, and (3) timely pay all future periodic
child support as it becomes due as provided in the 2003 agreed decree. As part of the
agreed contempt order, the trial court ordered relator to appear before it on various
dates, including March 12, 2009, to determine whether relator had complied with the
community supervision terms and conditions.
          At the March 12, 2009 compliance hearing, the trial court found that relator
had violated condition five in that he had not paid all future periodic child support as
it became due as ordered in the July 29, 2003 agreed decree. It found that he did not
timely pay the sum of $1,000 per month due on November 15 and December 15 of
2008 and January 15 and February 15 of 2009. The trial court revoked the suspension
of commitment and ordered relator to serve the 180 days as provided in the agreed
contempt order. The sheriff took relator into custody that day.
          On March 19, 2009, relator filed his petition with this court, requesting that we
hold the July 29, 2003 agreed decree to be void and discharge him from confinement. 
Relator asserts that the agreed decree is void for lack of a clear command to pay child
support. Relator bases this assertion on the lack of the word “pay” or any other term
or terms of direction between the words, “Goldfine” and “as child support” in the
sentence of the decree that reads, “IT IS ORDERED AND DECREED that Daniel
Scott Goldfine, as child support, $1,000 per month . . . .” Baker has responded to
relator’s petition, that it is based on a typographical error, and that when the decree
is considered as a whole, relator’s child support obligation is clear.
Standard of Review
          The purpose of a habeas corpus proceeding is not to determine the ultimate
guilt or innocence of the relator, but to ascertain whether the relator has been
confined unlawfully. Ex parte Gordon, 584 S.W.2d 686, 688 (Tex. 1979). In such
a proceeding, the order or judgment challenged is presumed to be valid. Ex parte
Occhipenti, 796 S.W.2d 805,809 (Tex. App.—Houston [1st Dist.] 1990, orig.
proceeding). We issue a writ of habeas corpus if a trial court’s contempt order is
beyond the court’s power or the court did not afford the relator due process of law. 
In re Henry, 154 S.W.3d 594, 596 (Tex. 2005) (citing Ex parte Barnett, 600 S.W.2d
252, 254 (Tex. 1980); Ex parte Swate, 922 S.W.2d 122, 124 (Tex. 1996)). Relator
bears the burden of showing that he is entitled to relief, including an adequate record
to establish the invalidity of the order of contempt. See Tex. R. App. P. 52.7(a);
Occhipenti, 796 S.W.2d at 808-09.
July 29, 2003 Agreed Decree Void 
For Lack of Command Language or Ambiguity?

          To support a judgment of contempt, the underlying decree must set forth the
terms of compliance in clear, specific, and unambiguous terms so that the person
charged with obeying the decree will readily know exactly what duties and
obligations are imposed upon him. Ex parte McCallum, 807 S.W.2d 729, 730 (Tex.
1991; Ex parte Slavin, 412 S.W.2d 43, 44 (Tex. 1967). A court order is insufficient
to support a judgment of contempt only if its interpretation requires inferences about
which reasonable persons might differ. Ex parte Chambers, 898 S.W.2d 257, 260
(Tex. 1994). Only the existence of reasonable alternative constructions will prevent
enforcement of the order. Id. The order need not be full of superfluous terms and
specifications adequate to counter any flight of fancy a contemnor may imagine in
order to declare it vague. Id.
          Here the only reasonable construction of the child support provision, “IT IS
ORDERED AND DECREED that Daniel Scott Goldfine, as child support, $1,000 per
month, with the first payment being due on August 15, 2003, and subsequent like
payments of $1,000.00 being due and payable on the 15th day of each month
thereafter until the earliest occurrence. . .” (emphasis added) is that relator is
obligated on the 15th day of each month to pay $1,000 as child support until the
earliest occurrence of one of the five events that are enumerated after the word,
“occurrence.” The sentence in question, as well as the rest of the agreed decree
contemplates the word “pay” between “support” and “$1,000 per month.” Reference
to a first “payment” on August 15, 2003 and “subsequent like payments” only make
sense when the word “pay” is understood at that position in the sentence. 
          Reasonable persons would not differ about this interpretation of the sentence. 
First, it is the interpretation advanced by Donna’s counsel on her behalf in the motion
to enforce. Secondly, and most importantly, relator’s same understanding of the child
support order is evidenced by relator’s May 6, 2006 payment of $1,000 child support
for which Donna gives relator credit in her July 29, 2008 motion for enforcement,
and, again, by relator’s agreement, with the advice of counsel, in the agreed contempt
order that the agreed decree’s child support provision in question obligates him to
make $1,000 child support payments on the 15th day of the month, which when
totaled and credited for the partial payments he made, comes to a total child support
arrearage of over $15,000. Finally, it is obviously the interpretation of the trial court
judge who adopted the parties’ agreement as the trial court’s agreed decree. In sum,
everyone connected with the decree clearly understands the provision to obligate
relator to pay Donna $1000 per month as child support on the 15th day of the month
until the earliest occurrence of one of the enumerated events. Indeed, we note that
in relator’s petition for habeas corpus relief, he produces no evidence that he was, in
fact, confused by or uncertain about the child support order’s meaning.
Conclusion
          We hold relator’s sole ground for relief to be without merit. We deny habeas
corpus relief.
 
                                                             Jim Sharp
                                                             Justice


Panel consists of Justices Alcala, Bland, and Sharp.