**DENIED and Opinion Filed September 6, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00977-CV

## IN RE JANECIA WATT, Relator

**Original Proceeding from the 304th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. JC-19-00707**

# MEMORANDUM OPINION

Before Justices Myers, Molberg, and Nowell
Opinion by Justice Myers

In this original proceeding, relator has filed a second amended petition seeking writs of mandamus and habeas corpus. Relator also requests as emergency relief a stay of the trial court's judgment of contempt. Relator contends the trial court abused its discretion in exercising jurisdiction over Relator's child, J.C; contends the trial court abused its discretion in holding relator in contempt without due process of law; and requests the Court determine whether mandamus or habeas corpus is an appropriate remedy. We deny the second amended petition and strike relator's amended and second amended petitions.

Whether seeking mandamus or habeas corpus relief, the relator's petition must contain a certification stating that the person filing the petition "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). Relator's second amended petition bears a certification by counsel in which counsel states under oath:

> I am submitting this certification on behalf of Relator because I am one of the Relator's attorneys. I have discussed with the Relator the events described in this Petition for Writ of Mandamus and Petition for Writ of Habeas Corpus. On the basis of those discussions, I hereby certify that the statements made in the attached Petition for Writ of Mandamus and Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Counsel's certification does not comply with rule 52.3(j). *See In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding).

Rule 52.3(k)(1) requires the relator to file an appendix to the petition for mandamus or habeas corpus that contains "a certified or sworn copy of any order complained of, and any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a) requires the relator to file a record that contains "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding" and "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a).

Although relator filed an appendix with her petition, the documents in the appendix are not certified copies nor is there an affidavit that would verify them as sworn copies. *See Butler*, 270 S.W.3d at 758–59. The uncertified copy of the trial court's judgment of contempt contained in the appendix indicates that the trial court held an evidentiary hearing in this matter on August 7, 2019 during which relator and other witnesses testified. The judgment of contempt further indicates the trial court held a hearing on August 14, 2019 before imposing contempt, although relator indicates it was not a formal hearing. Relator has not filed a reporter's record. Without certified or sworn copies of the trial court's order, judgment of contempt, and other material documents, and without a reporter's record from the hearings, relator has not complied with rules 52.3(k)(1)(A) and 52.7(a). TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a); *Butler*, 270 S.W.3d at 758–59.

–2–

To obtain habeas relief, relator must provide proof that she is confined. TEX. R. APP. P. 52.3(k)((1)(D); *In re Serrano*, 482 S.W.3d 134, 135 (Tex. App.—El Paso 2015, orig. proceeding). Relator has not provided any proof of confinement.

The Court struck relator's original petition seeking writs of mandamus and habeas corpus because the petition and appendix contained numerous instances where the relator's minor child's full name was displayed in violation of rule 9.8(b). *See* TEX. R. APP. P. 9.8(b) (requiring documents and appendices filed in original proceedings arising out of cases where termination of parental rights at issue to identify minor by alias and redact documents accordingly). Relator's amended petition uses initials for the minor and partially redacts the child's name in the appendix documents. Although relator's second amended petition does identify relator's child by initials and relator has made an effort to redact the child's name in the appendix documents by marking through the name with a dark colored marker, there are several instances in the appendix where the obscuring mark are not dark enough to fully obscure the child's name.

As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus or habeas record to establish the relator's right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *Ex parte Occipenti*, 796 S.W.2d 805, 808 (Tex. App.—Houston [1st Dist.] 1990, orig. proceeding). Because relator has not authenticated her petition and the documents in the record, has not filed a reporter's record of the trial court proceedings, has not shown she is presently confined, and has not fully redacted the minor's name in her filed documents, we conclude she has not shown she is entitled to mandamus or habeas relief. *See Butler*, 270 S.W.3d at 758–59; *In re Huitrado-Soto*, No. 05-16-00515-CV, 2016 WL 2353898, at *1 (Tex. App.—Dallas May 3, 2016, orig. proceeding).

Because the documents filed improperly identify the full name of a minor involved in a case in which the termination of parental rights is at issue, we strike relator's amended petition for

writ of mandamus, petition for writ of habeas corpus, and request for emergency relief and second amended petition for writ of mandamus, petition for writ of habeas corpus, and request for emergency relief. *See* TEX. R. APP. P. 9.8(b).

We deny relator's second amended petition for writ of mandamus, petition for writ of habeas corpus, and request for emergency relief.

/Lana Myers/

LANA MYERS
JUSTICE

190977F.P05