**DENIED and Opinion Filed January 8, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-19-01456-CV**

**IN RE ARTIS GRANVILLE, Relator**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. CC-17-05058-C**

## MEMORANDUM OPINION

Before Justices Myers, Molberg, and Nowell
Opinion by Justice Myers

Artis Granville has filed an original petition for writ of habeas corpus. Although styled as arising from a civil suit he filed against his former attorney,[1] the petition primarily addresses alleged wrongdoing by the presiding judge and his former attorney in two criminal court cases. Relator contends his former attorney should be charged with legal malpractice and both his attorney and the trial court judge who presided over his criminal cases should be charged with malicious prosecution, refusing him medical treatment, and forgery. Relator also requests civil damages. We deny relief.

A petition seeking a writ of habeas corpus must contain a certification stating that the person filing the petition "has reviewed the petition and concluded that every factual statement in

---

[1] The civil case was dismissed for want of jurisdiction by the justice court and then dismissed for want of prosecution by the county court at law. On further appeal to this Court, relator voluntarily dismissed his civil appeal. *See Granville v. Castillo*, No. 05-18-00312-CV, 2018 WL 6322172 (Tex. App.—Dallas Dec. 4, 2018, no pet.).

the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). Relator's pre-printed certification provides "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, day, year)."[2] Thus relator's certification does not comply with rule 52.3(j). *See In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding).

Additionally, rule 52.3(k)(1) requires the relator to file an appendix to the petition for writ of habeas corpus that contains "a certified or sworn copy of any order complained of, and any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a) requires the relator to file a record that contains "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding" and "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a).

Although relator filed an appendix with his petition, the documents in the appendix are not certified copies nor is there an affidavit that would verify them as sworn copies. *See Butler*, 270 S.W.3d at 758–59. Moreover, although relator complains about events that transpired during court proceedings, relator has not provided a copy of a reporter's record from the hearing. In a brief filed in support of the petition, relator provides several pages of court transcripts, but it is unclear what proceeding the pages came from and they are not certified in any manner. Without certified or sworn copies of documents and a reporter's record of the hearing, relator has not complied with rules 52.3(k)(1)(A) and 52.7(a). *See id.*

---

[2] The petition establishes that relator is not in prison.

Furthermore, to the extent relator seeks relief on his criminal cases, this Court does not have original habeas jurisdiction in criminal matters. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05; TEX. GOV'T CODE ANN. § 22.221(d); *In re Ayers*, 515 S.W.3d 356, 356–57 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (per curiam).

As the party seeking relief, the relator has the burden of providing the Court with a sufficient habeas record to establish his right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *Ex parte Occipenti*, 796 S.W.2d 805, 808 (Tex. App.—Houston [1st Dist.] 1990, orig. proceeding). Because relator has not authenticated his petition and the documents in the record, has not provided a sufficient record, and complains primarily about matters over which this Court lacks jurisdiction, we conclude he has not shown he is entitled to habeas relief. *See Butler*, 270 S.W.3d at 758–59; *In re Huitrado-Soto*, No. 05-16-00515-CV, 2016 WL 2353898, at *1 (Tex. App.—Dallas May 3, 2016, orig. proceeding).

We deny relator's petition for writ of habeas corpus.

/Lana Myers/
LANA MYERS
JUSTICE

191456F.P05

–3–