Ex parte McGuire 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-024-CV

EX PARTE PAUL EDWARD McGUIRE

 

 Original Proceeding
                                                                                                    

O P I N I O N
                                                                                                    

      Paul McGuire seeks habeas corpus relief from an order revoking his probation. The earlier
probated order found him in contempt for failing to pay his court-ordered child support and
committed him to the McLennan County jail for six months. McGuire argues that both orders are
void under the United States Constitution and Texas statutory provisions because he was not
informed of his right to be represented by counsel at the contempt hearing or to an appointed
attorney if he was indigent. See Lassiter v. Department of Soc. Serv. of Durham Cty., 452 U.S.
18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981); Tex. Fam. Code Ann. § 14.32(f) (Vernon Supp.
1995). Because we agree with McGuire's contentions, we order him discharged. 
      Upon McGuire's divorce from Mary Beth Faubion on August 12, 1992, the court required
him to pay child support of $220 a month and health insurance premiums of $72 a month. By
April 1994, he had fallen $3,144.24 behind in these payments. 
      Faubion filed a motion for contempt proceedings against McGuire. At the April 15 hearing
on the motion, Faubion's attorney stated to the court, "If it pleases the Court, Mr. McGuire has
indicated to me, and I'll be happy for you to talk to him, has indicated to me that he's here pro
se." McGuire then took the stand to be questioned by Faubion's attorney. During the
questioning, McGuire conceded that he did not have an attorney, and that he knew that he could
be sent to jail as a result of the proceeding. Faubion's attorney also pointed out that McGuire had
not been working because he was on medical leave after a hernia operation. Finally, McGuire
agreed he was requesting that the court approve an agreement submitted to the court, which
provided that McGuire would be found in contempt of court, sentenced to six months in jail as
punishment, but that the imprisonment would be suspended, conditioned on McGuire staying
current in his child-support obligations and making additional payments to cover the arrearage and
costs of the enforcement proceeding. Faubion testified at the hearing that she also wanted the
court to approve the agreement. Finally, the court questioned McGuire about his hernia operation. 
During this exchange, McGuire indicated that he "had to get on Medicaid in order to get [the
hernia] taken care of."
      In an order signed May 4, 1994, the court, in accordance with the terms of the agreement,
found McGuire in contempt for failing to pay his child support and ordered him incarcerated for
six months in the McLennan County jail as punishment. The court suspended the punishment and
placed McGuire on probation for six months, conditioned on staying current in his support
payments and additional payments to cover the arrearages and costs.
      McGuire failed to comply with the conditions of his probation. The court held another
hearing on January 5, 1995, to review his "compliance with [the] Court's order . . . [of] May 4,
1994." McGuire retained an attorney for this hearing. After the hearing, the court signed an
order entitled "Order Revoking Suspension and For Commitment to County Jail." In this order,
the court found that McGuire had failed to comply with the conditions of the prior order, ordered
that the suspension of McGuire's commitment be revoked, and committed him to the custody of
the McLennan County Sheriff "to be confined, as ordered by the order suspending commitment,"
for six months.
      In a contempt proceeding, "[i]f incarceration is possible, the court shall inform a respondent
who is not represented by an attorney of his right to be represented and his right to the
appointment of an attorney if he is indigent." Tex. Fam. Code Ann. § 14.32(f). "[T]he trial
court was required to inform [McGuire] of his rights and, in the absence of a knowing waiver of
such rights or compliance with the statute, was without authority to hold him in contempt." See
Ex parte Gunther, 758 S.W.2d 226, 226 (Tex. 1988). The fact that the court suspended its
confinement order and placed McGuire on probation does not change the result, because the
punishment "may not be imposed unless federal constitutional protections are applied in the
contempt proceeding." See Hicks ex rel Feiock v. Feiock, 485 U.S. 624, 637, 639 n.11, 108 S.Ct.
1423, 1432, 1433 n.11, 99 L.Ed.2d 721 (1988). 
      The court did not make any independent findings of contempt in the order committing
McGuire to the custody of the sheriff, rather, it ordered him confined because he had failed to
abide by the conditions of the suspended sentence. Thus, the April 15 hearing is the relevant
hearing for the purpose of determining if McGuire's confinement is unlawful. See id. McGuire
was not represented by counsel at that hearing. There is no doubt that the court failed to advise
him of his right to be represented by an attorney or his right to have an attorney appointed if he
was indigent. 
      We may order McGuire released if the commitment order or the order on which it is based
is void. See Ex parte Barnett, 600 S.W.2d 252, 254 (Tex. 1980); Ex parte Occhipenti, 796
S.W.2d 805, 807 (Tex. App.—Houston [1st Dist.] 1990, orig. proceeding). The contempt order
that sentenced McGuire to incarceration is void because the court "was without authority to hold
him in contempt." See Ex parte Gunther, 758 S.W.2d at 226. Thus, the court's order revoking
his probation and committing him to the custody of the McLennan County sheriff is also void.
      Therefore, we grant McGuire's application for a writ of habeas corpus and order that he be
discharged from custody. 

                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Petition for writ of habeas corpus granted
Opinion delivered and filed April 5, 1995
Do not publish